IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSELYN BRASWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.  2:21CV25-ECM |
| | ) |
| BOW PLUMBING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on a Motion for More Definite Statement. (Doc. 13).

The Plaintiff, Roselyn Braswell ("Braswell"), filed a class action complaint on behalf of herself and a class of people who are owners of property, residents, and holders of property interests constructed with cross-linked polyethylene plumbing tubes ("PEX tubing").  She brings claims for breach of express warranty (count I), breach of implied warranty of merchantability (count II), breach of implied warranty of fitness for a particular purpose (count III), unjust enrichment (count IV), negligence/wantonness: failure to warn (count V), negligence/wantonness:  defective design and manufacture (count VI), strict liability—design defect and manufacture defect (count VII), suppression (count VIII),  and declaratory and injunctive relief (count IX).

For reasons to be discussed, the motion for more definite statement (doc. 13) is due to be GRANTED in part and DENIED in part.

**I.     FACTS**

The facts as alleged in the class action complaint are as follows:

Braswell lives in a home Montgomery, Alabama, which has a residential plumbing system that uses PEX tubing manufactured by Bow Plumbing Group Inc. ("Bow Plumbing"). In June 2013, Braswell's home experienced a water leak as a result of a failure of the PEX tubing which was repaired by a licensed plumber. Braswell experienced additional PEX tubing leaks in her home in 2018 and 2020. She seeks to recover losses associated with the plumbing failures. She also seeks to represent a nationwide class. In her complaint, Braswell defines the class as all persons or entities who sustained damages proximately caused by defects in Bow Plumbing's PEX tubing in homes or other structures and require remediation. Braswell alleges that the putative class contains hundreds of individuals or entities that own properties using Bow Plumbing's PEX tubing. She further alleges that she and the members of the putative class could not have reasonably discovered the true, latent, defective nature of the PEX tubing until shortly before the litigation was commenced.

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. The rule "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Serv*., 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). "[A] motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery,

interrogatories and the like exist for this purpose." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).[1]

Complaints are said to be "shotgun pleadings" when they violate Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The allegations should be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 10 requires that each claim be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). This enables the opposing party to respond adequately and appropriately to the claims against it, and allows the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)(internal citations omitted).

### III. DISCUSSION

Bow Plumbing argues that Braswell's complaint is a shotgun pleading, and that she is required to plead facts as to the years or type of PEX tubing at issue and to define the geographic scope of the class.

"Shotgun pleadings" generally do at least one of the following: contain multiple counts where each count adopts the allegations of all preceding counts, contain facts not

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

obviously connected to any particular cause of action, fail to separate into a different count each cause of action or claim for relief, and assert multiple claims against multiple defendants without specifying which of the defendants the claim is brought against. *See McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. 2016). Shotgun pleadings are highly disfavored by the Eleventh Circuit. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. Feb. 3, 2021)("Besides violating the rules, shotgun pleadings also 'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'")(citation omitted). Braswell concedes that her complaint is a shotgun complaint in that the counts in her complaint incorporate all previous counts for relief, but contends that such a deficiency is not enough to require her to file an amended complaint.

Bow Plumbing specifically points to the claim in count VII, which incorporates all previous counts, and argues that it is unclear whether Braswell is asserting claims based on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) or strict liability claims under § 402A of the Restatement (Second) of Torts. Bow Plumbing points to district court decisions which have identified a conflict between those two theories. Another judge within this district, however, has determined that a claim pleaded as a strict liability claim can be construed to be an AEMLD claim. *See Chilton Water Authority v. Shell Oil Co.,* 1999 WL 1628000, at *3 (M.D. Ala. 1999)(Thompson, J). In this case, however, Braswell argues in her brief that she can assert both AEMLD claims and

common-law tort claims in the same case, but the complaint itself does not refer to the AEMLD. Accordingly, clarification of this point in the complaint itself is warranted.

Bow Plumbing also requests that Braswell identify the "putative class members' states of residence and/or damage, and reasonably limit the scope of the putative class," or else, Bow Plumbing argues, it will be forced to prepare a response based on guesswork. (Doc. 16 at 7).

With respect to the geographic limitation, Bow Plumbing contends that Braswell has to identify the states and/or territories in which putative class members own property because it cannot respond to her complaint as alleged. In response, Braswell does not dispute that she has to identify the location of the class, but argues that her complaint adequately identifies a "nationwide" class. (Doc. 1 at 9).

To the extent that a more specific statement of the states merely would be a list of the names of the 50 states rather than the word "nationwide," listing out the states is not necessary for Bow Plumbing to make a response. It is unclear, however, whether "nationwide" as used in the complaint includes all fifty states, (doc. 15 at 9)(arguing that "it is improper for the Court to assume it will involve all fifty states . . ."), or whether it also includes the territories of the United States. The Court will, therefore, grant relief to the extent that Braswell will be required to define "nationwide" so that Bow Plumbing can reasonably respond to her class claims.

With respect to Bow Plumbing's argument that Braswell must allege the type of damage sustained by each putative class member, the Court concludes that that relief is

5

beyond the scope of Rule 12(e), because the rule does not "require plaintiffs to provide a plaintiff-by-plaintiff breakdown of specific factual allegations or to provide painstaking detail distinguishing each plaintiff's claims from each other plaintiff's claims." *Harris v. Fisher-Price, Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. 2013).

Bow Plumbing also contends that it cannot assert the affirmative defense of the statute of limitations because there is no temporal scope to Braswell's claims. Braswell's response in her brief is that a common sense reading of the complaint is that the temporal scope is limited to the time that the Bow Plumbing's PEX tubing entered the market until the present time, or the time in which the tubing was no longer sold. (Doc. 15 at 14). Braswell has pleaded a theory that claims are not time-barred because there were latent defects in the PEX tubing. (Doc. 1 at 15).

Rule 12(e) should not be used to frustrate notice pleading "by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell*, 269 F.2d at 132. Bow Plumbing asserts that this Court should require Braswell to "reasonably limit the scope of the putative class." (Doc. 16 at 7). Rule 12(e), however, does not require that Braswell's claims be limited. While it may be that there are variations in state law as to statute of limitations which will pose issues for proceeding as a class, it is typically at the class certification stage when "courts make determinations on whether differences in state law defeat predominance . . . ." *Jones v. Depuy Synthes Products*, 330 F.R.D. 298, 314 (N.D. Ala. 2018). It also is not the role of a Rule 12(e) motion to place the burden on a plaintiff to provide the facts to support a defense. *See*

*Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000)(denying motion for more definite statement which sought facts to allow a determination of whether an FLSA exemption applied). To be clear, the Court is not at this time ruling on the suitability of Braswell's claims for class treatment, or the viability of any statute of limitations defense, but only concludes that Braswell's pleading is not so vague in terms of the relevant time period so as to prevent a response by Bow Plumbing that some claims are barred by the statute of limitations.

## IV. CONCLUSION

In summary, some of Bow Plumbing arguments are appropriately raised as a challenge to a motion for class certification rather than in support of a motion for more definite statement, but Braswell's complaint, which incorporates into each count all previous counts for relief, is a shotgun pleading. Additionally, there are some ambiguities which make it so that Bow Plumbing cannot reasonably make a response to the complaint; specifically, the reference to "nationwide" without further definition, and a strict liability claim by an Alabama plaintiff with no reference to the AEMLD. Accordingly, it is hereby ORDERED that the motion for more definite statement is GRANTED to the following extent and DENIED in all other respects:

1. The Plaintiff given until **October 11, 2021** to file a new, amended complaint which is complete unto itself and complies with Rule 10 of the Federal Rules of Civil Procedure.

2. The Plaintiff must include in her amended complaint a more definite statement of her "nationwide" class action so as to make it clear whether people in all fifty states, the District of Columbia, and the territories of the United States are included in her class definition.

3. The Plaintiff must include a more definite statement of her strict liability claim in count VII to specify whether it is asserted pursuant to the AEMLD, or must plead more than one count for relief, separately stating an AEMLD claim and other strict liability theory.

DONE this 10th day of September, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE