IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSELYN BRASWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-25-ECM-KFP |
| | ) |
| BOW PLUMBING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff Roselyn Braswell's Motion to Compel (Doc. 34) with Defendant Bow Plumbing Group, Inc.'s opposition to the motion (Doc. 36) and Plaintiff's reply in support (Doc. 37). For the reasons set forth below, the Court GRANTS in part and DENIES in part the motion.

Based upon the Court's order that the parties confer and identify with specificity the issues before the Court, the parties narrowed the dispute to six discovery requests. The Court held a hearing on May 31, 2022, during which the parties further agreed to resolve four of the six discovery disputes. Thus, the impasse necessitating the motion has been whittled to just two discovery requests:

- Plaintiff's Interrogatory No. 3: Identify the distributors, contractors, and/or subcontractors, including but not limited to, plumbers and/or home builders, to whom YOU sold YOUR PEX Products, including their name, address, and contact information.

- Plaintiff's Interrogatory No. 4: Identify the names and addresses of any homeowner who has made a complaint regarding problem, defect, or failure of YOUR PEX Products, including substance of their complaint.

Defendant has identified its Alabama distributors but no distributors outside of the state. Defendant has also produced national sales data, which includes the number of feet of SuperPEX pipe sold by year by state for a ten-year period. Additionally, Defendant produced information regarding complaints of pinhole leaks or creep rupture in the SuperPEX pipe, including (where available) the state of the complaining customer. Defendant argues that together this information is sufficient given Plaintiff, an Alabama resident, has not yet shown that she can substantiate her class allegations.

Plaintiff argues she has no intention of contacting any of the individuals or entities she requests for identification. Instead, she argues she needs this information to support her Rule 23 showing for eventual nationwide class certification. Plaintiff contends the national sales data is insufficient because she must know the final resting place of the product. For example, knowing that Defendant sold 100,000 feet of SuperPEX piping to ABC Distributor in the state of South Carolina would not inform Plaintiff as to how many individual homeowners purchased the piping, where those homes with that piping are located, or if the state distributor sold the piping to other entities or individuals outside that state. Plaintiff argues this is the type of information she needs to answer Rule 23 components, including ascertainability, commonality, predominance, and numerosity.

### A.   Motion to Compel Information Regarding Distributors, Contractors, Subcontractors, Plumbers, and Home Builders Outside Alabama

To successfully certify a class at the class certification stage, Plaintiff must prove numerosity, commonality, typicality, and adequate representation. Fed. R. Civ. P. 23.

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[T]he parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified."). The class allegations of the Amended Complaint, therefore, inform the Court's review of the discovery requests at issue.

Plaintiff argues that her ability to identify those to whom Defendant sold the SuperPEX product at issue in the United States since manufacturing began in 2003 will be central to her class certification motion. Plaintiff argues the information will not be used to harass those identified or to even contact them. Instead, Plaintiff asserts the information will be used "for a limited purpose, to address the class certification issues of predominance, numerosity and ascertainability, typicality and commonality." Doc. 37 at 7. Defendant argues that Alabama-resident Plaintiff has not "alleged issues with Bow's SuperPEX Pipe outside of Alabama" and "has not shown that discovery is likely to substantiate her 'nationwide' class allegations." Doc. 36 at 4–5. However, Plaintiff does argue that the identities of nationwide distributors and others to whom the product was sold will substantiate her allegations of commonality and typicality for her alleged nationwide class for which she intends to seek certification. Doc. 37 at 7.

The Court is inclined to agree with Plaintiff insofar as the information is requested for purposes other than contacting the entities with whom Defendant may have a business

relationship as distributors. *See McDonald v. Cotton States Mut. Ins. Co.*, No. 1:13-CV-552-WKW-TFM, 2015 WL 1138026, at *3 (M.D. Ala. Mar. 13, 2015) (noting if Plaintiff is seeking information for purpose of overcoming a numerosity challenge (and not for notification purposes), plaintiff would be entitled to the information to meet the Rule 23 burden) (citing *Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07–61873–CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352–53, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) ("While discovery regarding information necessary to address class certification requirements under Rule 23, Fed.R.Civ.P., falls within the realm of permissible discovery [ . . . ], the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action, as opposed to for reasons of discovering information 'relevant to the subject matter involved in the pending action.'") Given that some of the state information is not available for complainants, as noted below, this information, particularly the states in which distributors, contractors, and subcontractors of the product at issue are located, may be necessary for Plaintiff to substantiate her class allegations of ascertainability, commonality, and typicality. Thus, with Plaintiff's counsel's affirmation that the information will not be used to contact these entities, given as officers of the Court at the hearing on this matter, the Court GRANTS the motion to compel the name and state of location of the distributors, contractors, and subcontractors, including but not limited to plumbers and home builders, to whom SuperPEX piping was sold since its manufacture began in 2003.

### B. Motion to Compel Identities of Homeowner Complainants

Plaintiff is a homeowner who alleges defective piping was placed in her home. Plaintiff's request for the identities and contact information—names and addresses—of other homeowners who have had similar complaints goes too far *at this precertification stage*. "The names and addresses of class members [in a putative class action case] are ordinarily not discoverable at the precertification stage . . . ." *Gartrell v. J.J. Marshall & Assocs., Inc.*, No. 3:19-CV-442-J-32JBT, 2019 WL 9089583, at *1 (M.D. Fla. Dec. 10, 2019) (quoting *Gazzara v. Pulte Home Corp.*, Case No. 6:16-cv-657-Orl-31-TBS, 2016 WL 4529526, at *1, *3 (M.D. Fla. Aug. 30, 2016) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 n.20 (1978)); *see also Dejesus v. CIGNA Corp.*, Case No. 6:17-CV-1208-Orl-41-TBS, 2017 WL 6536579, at *2 (M.D. Fla. Dec. 21, 2017) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage . . . .")); *McDonald*, 2015 WL 1138026, at *3.

Plaintiff asserts, "[T]he instant matter presents a unique situation where the product is installed in potential class members' homes. Plaintiff seeks the addresses of the homes where the tubing was installed so she can determine *the states* implicated by class certification, not for the purposes of notice." Doc. 37 at 12 (emphasis added). While Plaintiff argues in part that she needs this information to overcome a potential numerosity challenge, she already has been provided the identities of the states in which the complaining homeowners are located (where Defendant has that information). Further contact details, at this stage and given the already available information, appears excessive and premature. While Plaintiff assures the Court that she will not use this discovery to

5

contact would-be class members, the additional detailed contact information she seeks is disproportionate at this precertification stage. *See* Fed. R. Civ. P. 26(b)(1) ("The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."). *See, e.g., Fennell v. Navient Sols., LLC*, No. 617CV2083ORL37DCI, 2018 WL 7411847, at *2 (M.D. Fla. Nov. 15, 2018) (in putative class action violations of Telephone Consumer Protection Act, finding plaintiff's request to identify all individuals who received a specific type of letter from defendant, as well as the individuals to whom defendant placed outbound calls and the individuals who asked defendant to stop calling, was disproportionate to the needs of this case, especially in pre-certification phase) (citation omitted). The nationwide list of other creep rupture or pinhole leak complaints, which has already been produced, identifies the number of other potential class members like Plaintiff, and it further identifies the states in which those homeowners are located to the extent that information is available.[1] The motion to compel additional complainant contact information is, therefore, DENIED.

Accordingly, for the reasons stated above, it is ORDERED as follows:

1.  Plaintiff's Motion to Compel is GRANTED to the extent Defendant is ORDERED to produce the names and states of location of the distributors, contractors, and

---

[1] Even if the Court were inclined to grant the request, the Court cannot compel Defendant to produce information like the complaining customer's home state, which it does not maintain. *See Thermoset Corp. v. Building Materials Corp. of Am.*, Case No. 4-60268-CIV, 2014 WL 6473232, at *4–5 (S.D. Fla. Nov. 18, 2014) ("The Court . . . cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control.") (citing *Multi–Tech Sys. v. Dialpad.com, Inc.*, Case No. Civ. 00–1540 ADMRLE, 2001 WL 34624004, at *5 n.8 (D. Minn. Aug. 28, 2001)).

subcontractors, including but not limited to plumbers and home builders, to whom SuperPEX piping was sold since its manufacture began in 2003;

2. The motion is DENIED to the extent Plaintiff seeks the identities and contact information of other homeowners who have had similar complaints; and

3. In all other respects, the motion is DENIED as moot.

DONE this 13th day of June, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE