# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROSELYN BRASWELL,** )<br>)<br>**Plaintiff(s),** )<br>)<br>**v.** )<br>)<br>)<br>**BOW PLUMBING GROUP, INC.,** a )<br>**Canadian Corporation;** )<br>)<br>**Defendant(s).** ) | **CIVIL ACTION NO.:**<br>**2:21-CV-25-ECM-KFP** |

## JOINT CLARIFICATION AND
## MOTION FOR RECONSIDERATION

COME NOW Roselyn Braswell ("Plaintiff") and Defendant Bow Plumbing Group Inc. ("Bow") and respectfully request, based upon the clarification in this Joint Motion, that the Court reconsider the deadlines set forth in its recent Order. (Doc. 50). The Parties also request that the Court set this case for a Scheduling Conference. In support of this Motion, the Parties state as follows:

1. On August 8, 2022, Plaintiff filed a Motion to Extend Deadlines (the "Motion"). (Doc. 49). In the Motion, Plaintiff stated that Bow did not oppose her extension requests. (Doc. 49, ¶ 11 and p. 8). The Court granted Plaintiff's Motion in part later that same day. (Doc. 50).

2. While Bow was aware that Plaintiff would be filing a motion to extend, Bow did not agree to join in the motion. Plaintiff inadvertently assumed that Bow did not object to Plaintiff's motion or its proposed dates. However, Bow was and is opposed to the deadlines requested in Plaintiff's Motion. The Parties now seek the Court's reconsideration on the class certification deadlines.

3. Bow does not dispute that the Parties require additional time to complete both non-destructive and destructive testing. Rather, it is Bow's position that Bow would be highly prejudiced by the newly set deadlines. Due to the practical realities of this case and recent developments, the new deadlines do not provide Bow with sufficient time to complete its non-destructive and destructive testing before submitting its class expert disclosures.

4. The Parties have agreed that Plaintiff's expert has and/or will perform her destructive testing first. As of the date of this Joint Motion, Plaintiff's expert has completed her non-destructive testing on the pipe samples obtained at the recent home inspections. (Doc. 49, ¶¶ 4-5). Plaintiff's expert has shipped some, but not all, of the samples to Bow's experts so that they may conduct their own non-destructive testing. (Doc. 49, ¶ 5).

5. However, Bow's experts have not been able to even *begin* their non-destructive testing for two (2) reasons. First, the Parties have not agreed on Bow's experts' proffered non-destructive testing protocol, but have been working diligently

toward an agreement. Bow provided Plaintiff with a copy of its proposed protocol on August 4, 2022, and it is awaiting Plaintiff's response. Second, Bow's experts have received some, but not all, of the pipe samples from Plaintiff's expert. Thus, Bow does not know when it will be able to begin—much less complete—its non-destructive and destructive testing.

6. The current scheduling issues are compounded by the fact that below-slab pressure tests were not permitted, for the reasons discussed below, nor were any below-slab pipe samples collected during the home inspections on July 11-15. Accordingly, Bow will need to return to four (4) of the five (5) visited homes—those with below-slab plumbing—to perform pressure testing on the below-slab pipe and, if appropriate (i.e., if the pressure test fails), to collect below-slab pipe and soil samples. To date, Plaintiff has not been able to confirm whether Plaintiff—and/or the other homeowners—will accommodate Bow's request for these below-slab inspections due to the level of invasiveness involved in accessing pipe below the flooring and into the contract slabs underneath these homes .

7. Throughout July and August 2022, Bow has consistently represented that its experts will require sixty (60) days from the date it receives all samples selected for destructive testing, *including the aforementioned below-slab samples that have not yet been removed*, to complete the destructive testing needed to prepare Bow's class expert disclosures. Plaintiff has determined that she will also require

3

sixty (60) days to perform destructive testing. (Doc. 49, ¶¶ 6-7). Plaintiff's class expert disclosures are now due October 14, 2022, and Bow's class expert disclosures are now due December 5, 2022. (Doc. 50). Plaintiff does not object to Bow's request for a sixty (60) day destructive testing period.

8.      Depending on when Bow is able to begin its non-destructive testing, Bow could *hypothetically* be able to return the pipe samples to Plaintiff's expert, for Plaintiff's destructive testing, as early as September. If Plaintiff's expert takes the full sixty (60) days to perform destructive testing that she anticipates (Doc. 49, ¶¶ 6-7), Bow would not be able to begin its destructive testing until November—*at the absolute earliest.* Since Bow's class expert disclosures are due December 5, 2022 (Doc. 50), this would provide Bow with, *at most*, only half the time it needs to perform destructive testing. Moreover, this best-case scenario does not account for the fact that Bow will need sixty (60) days from the date it receives any below-slab samples to complete its destructive testing, and it is not clear whether, or when, these samples will be obtained until the homeowners have confirmed that Bow can return to collect the below-slab piping samples.[1] As with the initial inspections, any below-slab inspections will require extensive coordination among homeowners, party representatives, and experts located outside the state of Alabama and potentially even the country.

---

[1] If the homeowners object to permit collection of the below-slab piping samples, this issue will likely need to be presented to the Court for adjudication.

9. Both Parties are committed to expeditiously resolving this case and respect the Court's time and resources. For these reasons, the Parties have thus far requested only those extensions that were absolutely necessary. However, in light of the recent home inspections, testing needs, and resulting practical issues identified in this Joint Motion, both Parties agree that they will require significantly more time to prepare their class expert disclosures than they initially anticipated.

10. Therefore, and *because Bow never agreed to the deadlines proposed in Plaintiff's Motion* (Doc. 49), the Parties respectfully request that the Court reconsider the deadlines set forth in its recent Order (Doc. 50). The Parties further request that the Court set a Scheduling Conference aimed at establishing new dates and deadlines that will provide both Parties with fair, commensurate time to complete all required testing before submitting their class expert disclosures.

11. A Scheduling Conference will allow the Parties to avoid making additional extension requests to the Court moving forward.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court grant this Joint Motion for Reconsideration and set this matter for a Scheduling Conference.

Respectfully submitted this the 12th day of August, 2022.

/s/ Angel A. Croes
GLENN E. IRELAND (ASB-4158-E51G)
ANGEL A. CROES (ASB-6785-E49D)
HANNAH R. DELLASALA (ASB-1406-Q44G)

                                                  Attorneys for Bow

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email: cireland@carrallison.com
       acroes@carrallison.com
       hdellasala@carrallison.com

                              /s/ Kirby D. Farris
                              KIRBY D. FARRIS (ASB-2224-R78K)
                              CALLE M. MENDENHALL (ASB-7985-W37E)
                              MALIA D. TARTT (ASB-9073-M40J)
                              Attorneys for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
1700 Financial Center
505 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 324-1212
Facsimilie: (205) 324-1255
Email: kfarris@frplegal.com
       cmendenhall@frplegal.com
       mtartt@frplegal.com