**EX. 2 LONG FORM NOTICE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ROSELYN BRASWELL,** *et al.,*<br><br>     **Plaintiffs,**<br><br>v.<br><br>**BOW PLUMBING GROUP, INC.,**<br><br>     **Defendant.** | **Civil Action No. 2:21-cv-00025-ECM** |

**NOTICE OF CLASS ACTION SETTLEMENT**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Attention:**  If (a) you owned or occupied a residential, commercial, or other structure that contains or contained Bow's PEX Tubing (the "Tubing") and/or (b) you paid for repairs or damages resulting from a Qualifying Leak in such structure, then you should read this Notice of Class Action Settlement because you may be entitled to monetary benefits from a class action settlement.

- The counsel listed below has reached a class-wide settlement in a federal class action lawsuit against Defendant Bow Plumbing Group Inc. ("Bow"), subject to final approval by the federal Court. The plaintiffs in that case alleged, on behalf of the class, that Bow's PEX Tubing (the "Covered Products") is defective and may leak prematurely, which may cause water damage to homes and other structures. Bow denies these allegations and rejects the claim that there is anything wrong with the Covered Products. Bow also denies that it is liable to the Plaintiffs or the class. However, Bow has agreed to the settlement described in this Notice to avoid further and additional litigation.
- Even if you have a **pending lawsuit** against Bow related to the Covered Products, you are part of the Class **unless you affirmatively opt out** of the Class pursuant to the process set forth below. If you remain in the Class **and do not opt out**, you will be eligible for reimbursement for the repair and/or replacement of the pipe in your home or structure, including any other related property damage, through the Class Settlement. You will receive significant compensation within months and eliminate the risk of losing at trial and recovering nothing or very little. If you opt out to pursue or continue litigation on your own, the process will take significantly longer—likely **years** longer—and may include litigation up to and including trial, any appeals, and any retrials, all of which could result in little to no recovery. **Also, you will not be responsible for payment of attorneys' fees or expenses from any settlement awarded to you through the Class Settlement.**
- **If you elect to opt out of the Class, you may continue to move forward with your pending lawsuit, but you cannot receive any monetary award from the Class Settlement, and you will be responsible for your own attorneys' fees and expenses in connection with your lawsuit. It is important to note that you cannot participate in the Class Settlement and continue to maintain your own individual case.** (This is explained in detail below.)
- If you are a Settlement Class member (defined below), you may qualify for monetary benefits under the proposed Settlement for past or future unreimbursed, reasonable, and documented costs incurred in connection with: (a) the repair or replacement of the pertinent section(s) of Tubing as a direct result of a Qualifying Leak (defined below); (b) the repair or replacement of other property damaged as a direct result of a Qualifying Leak; and (c) the material and labor costs reasonably necessary to bring the residential or commercial structure and its contents back to the

1

**EX. 2 LONG FORM NOTICE**

- same finish and quality as existed before the Qualifying Leak. You may also qualify for a **re-plumb remedy or alternative cash payment** if you have experienced Multiple Qualifying Leaks.
- The proposed Settlement has been preliminarily approved by the Court—**which means the Court has determined that the settlement is fair and reasonable.** This Notice provides information about the Litigation, the Settlement, and your options as a Settlement Class member. **Please read this Notice carefully because it affects your legal rights**. A federal court authorized us to send this notice to you. This is not a solicitation.
- **Your options under the Settlement include, but are not limited to, the following:**

| | |
|---|---|
| **Submit a Claim Form:** | To receive reimbursement for Reasonably Proven Property Damage due to a Qualifying Leak and/or a re-plumb remedy or alternative cash payment, you must submit a Claim Form by the deadlines described below and listed on the Settlement Website, **www.BowPEXSettlement.com.** |
| **Request Exclusion/Opt-Out Deadline: _____** | This option, described in detail below, allows you to sue or continue to sue Bow regarding claims that the Covered Products are defective. If you opt out, you will be responsible for any costs (including attorneys' fees) associated with that litigation. You also will also not be entitled to any monetary benefits from the Settlement. |
| **Objection Deadline: _____** | If you remain in the Class but have concerns regarding the Settlement, you are entitled to submit a written objection telling the Court about your concerns, pursuant to the procedures described in detail below. Only Class Members have the right to object. **You cannot opt out of the Class and still object to the Settlement.** |
| **Attend the Final Approval Hearing Scheduled for _____** | Class Members are entitled to attend the Final Approval Hearing, during which the Court will consider whether to grant final approval of the Settlement. |
| **Do Nothing** | If you are a Settlement Class member and do nothing, you will be bound by the terms of the Settlement if it is approved by the Court, whether or not you submit a Claim Form, and you will be subject to the release of claims set forth in the Settlement. |

- The date and time of the Final Approval Hearing is subject to modification by the Court, so please check the Settlement Website at www.BowPEXSettlement.com for updates.

**EX. 2 LONG FORM NOTICE**

## 1.     WHY WAS THIS NOTICE ISSUED?

The United States District Court for the Middle District of Alabama, the federal court overseeing this Litigation and that preliminarily approved the Settlement, authorized this Notice to inform you about the Settlement and your options before it decides whether to grant final approval of the Settlement. Further information about the Settlement can be found at www.BoxPEXSettlement.com.

## 2.     WHAT IS THE LAWSUIT ABOUT?

In this Litigation, Plaintiffs alleged individual and class action claims against Bow asserting that the Covered Products are defective and prone to leaks causing water damage.

Bow denies the claims and allegations in the Litigation, including that the Covered Products are defective. Bow further denies that it violated any law, engaged in any wrongdoing, or owes any liability in this case to Plaintiffs or anyone else. Bow is settling to avoid the expense, inconvenience, risk, and disruption of further litigation. The Settlement is not an admission of any liability.

The Court has not considered the merits of Plaintiffs' claims or Bow's defenses. This Notice is not an expression of any opinion or judgment by the Court on the claims alleged in the Litigation.

**Please note that the Settlement does not include any claims for personal injury and does not release any such claims of Settlement Class members to the extent such claims exist.**

## 3.     BACKGROUND OF THE LITIGATION

The original Complaint in the Litigation was filed on January 13, 2021. During the Litigation, the Parties conducted home and PEX Tubing inspections and engaged in extensive discovery, including depositions, and an alternative dispute resolution ("ADR") process which included protracted "arms-length" negotiations that ultimately led to a mediation session overseen by a professional mediator with over twenty years' of experience mediating similar cases. Through this extensive process and numerous communications among counsel for the Parties over the course of many months, the Parties finally reached the Settlement described and summarized in this Notice, and memorialized in the Settlement Agreement, which can be read at the Settlement Website, www.BowPEXSettlement.com.

## 4.     WHAT ARE THE BENEFITS TO THE CLASS?

Members of the Settlement Class who submit a valid and timely Claim Form to the Settlement Administrator are entitled to the remedies outlined in Question 11, below, without the time, risk and uncertainty, and expense of litigation. Further, Settlement Class members will pay **nothing** in attorneys' fees and expenses. The attorneys representing Settlement Class members will be paid separately by Bow, and those attorney fees shall not be paid out of or deducted from the Class Settlement Fund. In other words, attorneys' fees and expenses will be paid separately and not out of your individual claim. Your claim will be based upon the terms of the Settlement, without any deduction for attorneys' fees or expenses.

**EX. 2 LONG FORM NOTICE**

5. **WHAT IF I ALREADY HAVE A LAWSUIT PENDING AGAINST BOW?**

If you already have a lawsuit pending against Bow regarding the Covered Products, you are still part of the Class and may receive the benefits of the Settlement. However, you may choose to opt out or object to the Settlement according to the procedures outlined in Questions 15 and 16 below. **Please note: if you wish to continue to sue Bow in an individual action, you must opt out of the Class using the procedure outlined below, and you must do so by the deadlines established by the Court.**

Further, **if you opt out**, you will not be bound by any of the terms of the Settlement, **but you will not be entitled to submit a Claim Form or to receive any monetary benefits from the Settlement**. If you choose to opt out of the Class after reading this Notice, you will be responsible for your own expert and attorneys' fees and expenses. As you are likely aware, the outcome in cases such as these is inherently uncertain, recovery is not guaranteed, and it typically take years to reach a final resolution. As a result, they can be very expensive to litigate through trial, any possible appeals, and any potential retrial, and can result in little to no recovery. Expenses in an individual trial will likely include deposition costs, expert retention costs, and court costs. **Your attorneys' fees, expenses, and any other costs incurred in an individual lawsuit against Bow may significantly reduce your total recovery (if any) in that lawsuit. However, if you remain part of the Class, you will not have to pay any attorneys' fees, expenses, or costs.** By remaining in this Settlement Class, you become eligible for efficient and economical resolution of your claims against Bow, you eliminate the risk of losing at trial and recovering nothing or very little, and your recovery will not be reduced by attorneys' fees, expenses, or any other costs. **Class Counsel strongly recommends you participate in this Settlement in consideration of these factors.**

6. **WHO IS CLASS COUNSEL?**

In its Preliminary Approval Order, the Court appointed Kirby D. Farris, Calle M. Mendenhall, and Malia D. Tartt of Farris, Riley & Pitt, LLP as Class Counsel to represent Plaintiffs and the Settlement Class after determining that Class Counsel are properly qualified and have the requisite experience to properly and effectively represent the Class. The Court appointed Kirby D. Farris as Lead Class Counsel. Class Counsel encourage you to contact any of them with questions about the Settlement. You may contact Class Counsel even if you have a pending lawsuit against Bow. Class Counsel represent the interests of the Class, and as noted above, **individuals with a lawsuit pending against Bow are part of the Class unless they timely and validly opt out**. **You will not be charged for these lawyers**. However, if you wish to be represented by a different lawyer, you will be responsible for their attorneys' fees and expenses. The contact information for Class Counsel is set forth below:

Kirby D. Farris
Calle M. Mendenhall
Malia D. Tartt
FARRIS, RILEY & PITT, LLP
The Gray Building
1728 3rd Avenue North
Suite 500

**EX. 2 LONG FORM NOTICE**

Birmingham, Alabama 35203
(205) 324-1212
bowclasscounsel@frplegal.com

### 7.     CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

Within the time period established by the Court, and no later than thirty (30) days prior to the Objection and Opt-Out Deadline, Class Counsel will file a Motion for Approval of Attorneys' Fees, Costs and Service Awards to be paid separately by Bow, meaning that those payments shall not be paid out of or deducted from the $8,025,000.00 Class Settlement Fund. **To be clear, no Settlement Class member will pay attorneys' fees.** Only individuals who opt out of the Settlement and retain a different lawyer will be responsible for their attorneys' fees.

Bow has agreed to pay Class Counsel's attorneys' fees and expenses in an amount to be approved by the Court, not to exceed $3,960,000.00. Bow has also agreed to a service award of up to $10,000.00 for Plaintiff Roselyn Braswell and up to $5,000.00 for Plaintiffs Gregory Johnson and Jerri Johnson combined (which represents a per-household limitation) in recognition of their time, costs, and efforts in the Litigation. These amounts will be paid separately by Bow, meaning that these amounts shall not be paid out of or deducted from the $8,025,000.00 Class Settlement Fund.

### 8.     WHO IS INCLUDED IN THE SETTLEMENT?

The term "Settlement Class" is defined in the Settlement Agreement as:

> All Persons within the fifty states, the District of Columbia, and all territories of the United States that own or have owned at any time since May 26, 2003, a residential, commercial, or other structure that contains or contained Bow's PEX Tubing, including their spouses, joint owners, heirs, executors, administrators, mortgagees, tenants, creditors, lenders, predecessors, successors, trusts and trustees, and assigns ("Occupant Persons"); as well as all Persons who have standing and are entitled to assert a claim on behalf of any such Occupant Persons, such as but not limited to a plumber, builder, contractor, distributor, seller, subrogated insurance carrier, or other Person that has claims for contribution, indemnity, or otherwise against Bow as a result of leaks of the PEX Tubing in such residential, commercial, or other structures. The Settlement Class includes all Persons who subsequently purchase or otherwise obtain an interest in a residential, commercial, or other structure covered by this Settlement without the need of a formal assignment by contract or court order. The Settlement Class includes all Persons within this definition regardless of whether any such Person has an active lawsuit against Bow, or an active claim or potential claim against Bow, whether tolled or otherwise, involving Bow's PEX Tubing.
> Excluded from the Settlement Class are: (i) Bow, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Bow has a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal governmental entities; and (iv) Persons whose claims

against Bow related to Bow's PEX Tubing have been or are dismissed by adjudication.

The term "Tubing" means PEX Tubing manufactured or sold by Bow for use in residential or commercial structures, with (or labeled by Bow as having) a 5306 product designation, including all Bow SUPERPEX, during the time period from May 26, 2003 up to and including the date the Court enters the Final Approval Order. "Tubing" includes stock and inventory of Tubing that is installed or first used after the date the Court enters the Final Approval Order but on or before the last day of the Claim Period. The term "Tubing" does not include non-PEX Tubing manufactured or sold by Bow for use in industrial applications, irrigation applications, radiant heating applications, or international applications.

**9.    HOW DO I KNOW IF MY RESIDENCE OR BUILDING HAS THESE PRODUCTS?**

Bow Tubing bears Bow's brand and the 5306 PEX designation, among other identifying pieces of information. The Settlement Website will include additional suggestions and pictures to help you identify the Tubing.

**10.    HOW MUCH IS THE TOTAL SETTLEMENT FUND?**

If the Court grants final approval of the Settlement, Bow will pay money into a Settlement Fund to reimburse members of the Settlement Class who submit a timely and valid Claim Form based upon their unreimbursed costs spent on repairs and damages resulting from Qualifying Leaks from the Covered Products (as further defined below) and to pay for re-plumb remedies for those who qualify as a result of the occurrence of Multiple Qualifying Leaks. The Settlement Fund will also be used to pay settlement administration costs. The maximum amount that Bow will pay pursuant to the Settlement is $8,025,000.00. At the end of the Claim Period (defined as the time period from [Insert Date of Preliminary Approval Order] to December 31, 2028), any portion of the Settlement Fund not used to pay Eligible Claimants will remain with or be returned to Bow.

**11.    WHAT REMEDIES ARE AVAILABLE UNDER THE SETTLEMENT?**

The Settlement shall provide the following remedies to members of the Settlement Class who submit a valid and timely Claim Form to the Settlement Administrator:

**Past Property Damage Claims:** Past Property Damage Claims are those that are based upon Qualifying Leaks that occurred between May 26, 2003 and the Effective Date. Such claims must be submitted to the Settlement Administrator within 100 days after the Effective Date, although the Settlement Administrator may extend the 100-day period up to an additional 50 days for a particular Claimant upon a showing of good cause as determined by the Settlement Administrator. An explanation in a Claim Form under oath reasonably demonstrating that the Claimant was precluded from submitting a Claim Form due to circumstances beyond the Claimant's control shall constitute good cause. The Claimant must have taken reasonable steps to mitigate (*i.e.,* limit or stop) the effects of the Qualifying Leak.

**Future Property Damage Claims:** Future Property Damage Claims are those that are based on Qualifying Leaks that occur after the Effective Date and before the end of the Claim Period. Such Claims must be submitted to the Settlement Administrator within 100 days after the Qualifying Leak occurs, although the Settlement Administrator may extend this 100-day period up to an additional 50 days for a particular Claimant upon a showing of good cause as determined by the Settlement Administrator. An explanation in a Claim Form under oath reasonably demonstrating that the Claimant was precluded from submitting a Claim Form due to circumstances beyond the Claimant's control shall constitute good cause. The Claimant must have taken steps to mitigate (*i.e.,* limit or stop) the effects of the Qualifying Leak.

**Re-Plumb Claims for Claimants with Multiple Leaks:** An Eligible Claimant who demonstrates that their residential structure has experienced, or experiences before the end of the Claim Period, Multiple Qualifying Leaks, each one occurring in such a manner that replumbing all or part of the structure would mitigate future events, has the option of requesting a payment relating to a complete re-plumb of relevant PEX Tubing. Such Claims must be submitted to the Settlement Administrator within 100 days after the Effective Date if the third Qualifying Leak occurred before the Effective Date, or otherwise must be submitted within 100 days after the third Qualifying Leak occurs, though the Settlement Administrator may extend these periods up to an additional 50 days for a particular Claimant upon a showing of good cause as determined by the Settlement Administrator. An explanation in a Claim Form under oath reasonably demonstrating that the Claimant was precluded from submitting a Claim Form due to circumstances beyond the Claimant's control shall constitute good cause.

   i. The Re-Plumb Calculation shall be based upon either (1) a calculated total re-plumb cost at a rate of $650.00 per plumbing fixture and $433.00 per plumbing half fixture present in the residential structure; provided, however, that the Re-Plumb Calculation shall be limited to a maximum of $16,000.00 per structure, or (2) a bona fide bid for the re-plumb (to be verified as bona fide by the Settlement Administrator).

   ii. Eligible Claimants who have experienced, or experience during the Claim Period, Multiple Qualifying Leaks, each one occurring in such a manner that re-plumbing all or part of the structure would mitigate future events, have the option to select a cash payment of **$8,500.00** in lieu of a re-plumb remedy in exchange for the Eligible Claimant's agreement that the Eligible Claimant(s) and their structure are no longer eligible to make any Future Property Damage Claims.

**12.   WHAT IS THE DEFINITION OF A QUALIFYING LEAK?**

The term "Qualifying Leak" means:

   i.   With respect to Tubing: A physical escape of water from Tubing causing damage.
   ii.  A Qualifying Leak does not occur where, following the invocation and conclusion of the procedures set forth in Paragraphs 15 and 16 of the Settlement Agreement, the Settlement Administrator, Bow, and Class Counsel all agree that based on available evidence, a physical escape of water from a Covered Product causing damage was clearly, solely, and exclusively the result of: (1) a penetration of the Tubing from a foreign object such as a nail or other physical abuse; (2) improper attachment of the

Tubing to plumbing components or appliances; (3) improper stress on the Tubing due to improper installation; (4) leaks due to an improperly set or malfunctioning pressure-reducing valve not manufactured or sold by Bow; (5) leaks due to age of fixture sealant components supplied or provided by a plumber; or (6) any violation of Bow's installation guidelines and/or installation issue unrelated to the design, manufacture, performance, or selection of the Tubing. If it is determined that a Qualifying Leak has not occurred because the physical escape of water causing damage was clearly, solely, and exclusively the result of one or more of the causes set forth in (1) through (6) above with respect to a particular Claimant, then that Claimant shall have the benefits of the carve-out of the release provisions in Paragraph 35 of the Settlement Agreement, subject to certain limited exceptions set forth in Paragraph 35, meaning that Claimant shall not be precluded by the Release from filing claims against its installer or third parties.

If a Claimant wishes to appeal the Settlement Administrator's rejection of a Claim on the basis of whether the Claim presents a Qualifying Leak, then the Claim will be submitted to an Independent Engineering Consultant setting forth their position about whether the Claim should be deemed eligible or ineligible for compensation under the Settlement. The party initiating the challenge shall have the burden of establishing that a leak was not a Qualifying Leak. The decision of the Independent Engineering Consultant shall be final.

### 13.   HOW DO I SUBMIT TO A CLAIM FORM?

To be eligible to receive any of the remedies described above, you must complete and submit a valid and timely Claim Form. The Claim Period ends on December 31, 2028. Your Claim Form and supporting documentation may be submitted:

- online through the claim portal located on the Settlement Website, www.BowPEXSettlement.com;
- by email to the Settlement Administrator using the email address info@BowPEXSettlement.com; or
- by U.S. Mail to the Settlement Administrator using the address: [*Mailing Address Forthcoming*].

Claim Forms are available for download at www.BoxPEXSettlement.com and are also available by email or by writing to the Settlement Administrator using the information above.

If the Qualifying Leak occurred between May 26, 2003 and the Effective Date, the deadline for submitting a Claim Form is 100 days after the Effective Date. If the Qualifying Leak is experienced after the Effective Date and during the Claim Period, the deadline for submitting a claim form is 100 days after the Qualifying Leak occurs. Re-plumb Claims for those who have experienced or do experience Multiple Qualifying Leaks prior to the end of the Claim Period (see Question 7 above) must be submitted to the Settlement Administrator within 100 days after the Effective Date if the third Qualifying Leak occurred before the Effective Date, or otherwise must be submitted within 100 days after the third Qualifying Leak occurs.

Please check the Settlement Website at www.BowPEXSettlement.com for updates regarding the Effective Date and corresponding Claim Form Deadline dates. **In any event, please file your Claim Form as soon as possible.**

## 14.   WHAT ARE THE RELEASED CLAIMS?

Upon the Effective Date, all Settlement Class members, including but not limited to any Person who receives any payment from the Net Settlement Fund, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who seek to claim through or in the name or right of any of them (but excluding any Persons who timely and validly opted out of the Settlement with regard to the buildings or geographic scope for which they opted out) (the "Releasing Parties"), release and forever discharge (as by an instrument under seal without further act by any Person, and upon good and sufficient consideration), Bow, its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates, and any sales agents and distributors, wholesalers, retailers, plumbers, homebuilders, developers, contractors, engineers, architects, and any other product or service provider or any other party in the chain of distribution who distributed, specified, recommended, sold, and/or installed the Tubing, and all of the foregoing Persons' respective predecessors, successors, assigns and each of their present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to Bow's Tubing, including without limitation, their design, manufacture, purchase, use, marketing, promotions, sale, or certification, and including without limitation, all past, present, or future claims, damages, or liability on any legal or equitable ground whatsoever, and regardless of whether such claims might have been or might be brought directly, or through subrogation or assignment or otherwise, on account of or related to the Tubing, which were alleged or could have been alleged in the Complaints filed in the Litigation. The Release is as a result of membership as a Settlement Class member, status as Releasing Parties, the Court's approval process herein, and the occurrence of the Effective Date, and is not conditional on receipt of payment by any particular member of the Settlement Class or Releasing Party. Without in any way limiting its scope, and, except to the extent otherwise specified in the Settlement Agreement, the Release covers by example and without limitation, any and all claims for reasonable attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs, or any other fees, costs, and/or disbursements incurred by any attorneys, Class Counsel, Plaintiffs, Settlement Class members, or any Releasing Party who claim to have assisted in conferring the benefits under this Settlement upon the Settlement class. This Settlement Agreement and the Release provided for herein shall not and are not intended to release the claims of the Releasing Parties against the suppliers of any equipment, raw materials, components, or ingredients used in the manufacture of the Tubing, which the Releasing Parties hereby fully and forever assign, transfer, and convey to Bow.

Exclusions from Release: All personal physical injury claims are expressly excluded from the Release; for the avoidance of doubt, however, claims for emotional distress and/or mental anguish are subject to the Release in Paragraph 34 of the Settlement Agreement and not part of this personal injury exclusion. In addition, subject to the terms of Paragraph 34, the Parties further agree that certain limited claims, as specified below, which a Releasing Party has brought or may in the future

bring against an installer, plumber, homebuilder, contractor, or other product or service provider, or any other party in the chain of distribution who purchased, specified, recommended, sold, and/or installed the Tubing, related solely and exclusively to the alleged faulty installation of the Tubing, are expressly not released as to such Persons. This limited exception shall include only claims alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, without limitation, as a result of (1) a penetration of the Tubing from a foreign object such as a nail or other physical abuse; (2) improper attachment of the Tubing to plumbing components or appliances; (3) improper stress on the Tubing due to improper installation; (4) leaks due to an improperly set or malfunctioning pressure-reducing valve not manufactured or sold by Bow; (5) leaks due to age of fixture sealant components supplied or provided by a plumber; or (6) any violation of Bow's installation guidelines and/or installation issue unrelated to the design, manufacture, performance, or selection of the Tubing. However, if a court finds, via dispositive motion or otherwise, that Bow is at least partially responsible, then this limited exception shall not apply and the claim is released under Paragraph 34. Nothing in this Paragraph shall permit any Releasing Party to bring any other claims released herein, including without limitation, claims for improper, insufficient, or negligent advice, recommendation, solicitation, purchase, selection, or sale of the Tubing, and in no event shall any claim whose prosecution is permitted by this Paragraph allege, purport to allege or depend on any wrongful act, error or omission, loss or liability, whether strict, or due to fault or otherwise, by Bow. The Releasing Parties and Bow do not intend to create and do not believe that the reservation provided in this Paragraph creates any basis for a claim of indemnification, contribution, or any other claim, however denominated, by a nonparty against the Released Parties, with the exception that, as described in Paragraph 34 of the Settlement Agreement, parties who opted out of the Settlement do not release their ability to assert indemnification, contribution, and any other claim however denominated against Released Parties. This provision is intended solely to preserve a Releasing Party's ability to seek relief against the non-released individuals or entities for liability unrelated to Bow as expressly specified in this Paragraph. In addition, the Releasing Parties agree that in any action brought by a Releasing Party alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, but not limited to, based on a leak that is not a Qualifying Leak, should any such third party sued by a Releasing Party file a claim or cause of action against any Released Party for contribution, indemnification, or any other claim, however denominated, arising out of or related to the Tubing, the Releasing Parties shall hold Bow and the Released Parties harmless, agree to a judgment in Bow's and the Released Parties' favor dismissing all claims asserted by the Releasing Party or anyone claiming by, through, or under the Releasing Party, and to the extent that the claims against Bow or the Released Parties are not released, then reduce or remit any judgment against such third party by the percentage, amount, or share necessary under applicable law to fully discharge and relieve Bow and the Released Parties of liability to such third party for claims for contribution, indemnification, or any other claim, however denominated, including attorneys' fees and costs such Person may seek against Bow and the Released Parties. If a Releasing Party files a claim or cause of action against any third party alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, but not limited to, based on a leak that is not a Qualifying Leak, the Releasing Party must not include any claim or allegation for design defects, manufacturing defects, marketing defects, or any other claim that is a "products liability action," as contemplated by Section 6-5-521 of the Alabama Code. The Releasing Party also must include the following language in the complaint, petition, or other document asserting the claim: "This is not a 'products liability action' as defined in Section 6-5-521 of the Alabama Code. The

plaintiff does not allege design, manufacturing, or marketing defects in the plumbing system or any of its component parts. The plaintiff expressly waives any products liability action it may have associated with Bow's Tubing. The plaintiff's claims are not product-based, but instead are based on services provided by the defendants. The plaintiff solely seeks damages resulting from the negligent installation of the plumbing system into the home." In any event, however, the Releasing Parties' obligation is limited to releasing, reducing, or remitting in an amount no more than the amount of the judgment against Bow or the Released Parties. If any third party sued by a Releasing Party obtains a judgment against Bow or any Released Party for contribution, indemnification, or any other claim, however denominated, the Releasing Party agrees that the Releasing Party shall reduce or remit its judgment against such third party by the amount of such third party's judgment against Bow and the Released Party not to exceed the amount of that portion of the judgment for which such third party obtains contribution, indemnification, or other relief, however denominated, so as to fully satisfy such third party's judgment against Bow and the Released Party including attorneys' fees and costs such third party may seek against Bow and the Released Party. In any settlement between any of the Releasing Parties and any Person arising out of or related to Bow's Tubing, the Releasing Parties shall be deemed to have obtained a release in favor of all Released Parties.

**15.     HOW DO I OPT OUT OF THE SETTLEMENT?**

Settlement Class members may submit a Request for Exclusion (*i.e.,* "opt-out" of) the Settlement to preserve their own individual rights to sue or continue to sue Bow with respect to the Covered Products. A member of the Settlement Class who timely and validly submits a Request for Exclusion cannot object to the Settlement and is not eligible to receive any Settlement Payment.

To validly request exclusion from the Settlement Class, a Person must (1) submit proof that their structure contains or contained a Covered Product (photographs, contemporaneous installation records, etc.), to demonstrate that the Person requesting exclusion is a member of the Settlement Class, and (2) submit a written request to opt out to the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline stating that "I wish to exclude myself from the Settlement Class in the Bow Litigation Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class member's printed name, address, telephone number, email address, and date of birth. The Request for Exclusion must contain the **actual written signature** of the Settlement Class member seeking to exclude himself or herself from the Settlement Class. Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same residence or structure may opt out by using the same form so long as it is individually **signed by each joint owner**. Failure to submit a request to opt-out in this manner will result in the property owner(s) remaining in the Class Settlement.

All Requests for Exclusion must be sent to the Settlement Administrator at the following address: [*Mailing Address Forthcoming*].

Those persons falling within the definition of the Settlement Class as "Persons who have standing and are entitled to assert a claim on behalf of any such Occupant Persons" need not file a separate Request for Exclusion for each residential structure for which they meet this definition so long as they identify each structure for which they are opting out in their Request for Exclusion; provided,

however, that any such Persons cannot opt out for purposes of some structures but remain in the Settlement Class for others.

Any Settlement Class member who does not submit a valid and timely written Request for Exclusion shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class member has litigation pending, or subsequently initiates litigation against Bow or any Released Party relating to the Released Claims.

### 16.   HOW TO OBJECT TO THE SETTLEMENT?

Any Settlement Class member *who does not submit a written Request for Exclusion* may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court. A Settlement Class member who wishes to submit an objection must deliver to the Settlement Administrator, so that it is postmarked by the Objection and Opt-Out Deadline, a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class member wishes to bring to the Court's attention. All written objections must be sent to the Settlement Administrator at the following address: [*Mailing Address Forthcoming*].

That written statement must contain (a) the Settlement Class member's printed name, address, telephone number, and date of birth; (b) evidence showing that the objector is a Settlement Class member, including the address of the residence or structure that contains or contained a Covered Product and proof that the residence or structure contains or contained a Covered Product (photographs, contemporaneous installation records, *etc*.); (c) any other supporting papers, materials, or briefs that the Settlement Class member wishes the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class member making the objection; and (e) a statement indicating whether the objecting Settlement Class member and/or his or her counsel intend to appear at the Final Approval Hearing. If a Settlement Class member or counsel for the Settlement Class member who submits an objection to this Settlement has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed or otherwise submitted an objection by caption, court and case number, and for each case, the disposition of the objection.

A Settlement Class member may object on his or her own behalf or through an attorney; however, even if represented, the Settlement Class member must individually sign the objection and all attorneys who are involved in any way asserting objections on behalf of the Settlement Class member must be listed on the objection papers. <u>Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing either virtually or in a location convenient for the objector.</u>

Any objector who files and serves a timely written objection as described above may appear at the Final Approval Hearing, either in person at their own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in his or her objection. As noted above, objectors or their

attorneys who intend to make an appearance at the Final Approval Hearing must state their intention to appear in the objection delivered to the Settlement Administrator.

## 17. WHEN AND WHERE IS THE FINAL APPROVAL HEARING?

The Court will hold a Final Approval Hearing on [HEARING DATE] at [TIME], at the United States District Court for the Middle District of Alabama, at One Church Street, Montgomery, Alabama 36104, in Courtroom [INSERT], before Judge Emily Marks, to consider whether the Settlement is fair, adequate, and reasonable, and whether it should be finally approved. If there are objections, the Court will consider them at that time. The Court will also consider at this time Class Counsel's Motion for Approval of Attorneys' Fees, Costs and Service Awards.

**Important:** The date and time of the Final Approval Hearing is subject to modification by the Court, so please check the Settlement Website at www.BowPEXSettlement.com for updates.

Please note that Class Counsel is working on your behalf and will answer any questions that the Court may have about the Settlement. You are welcome to attend the Final Approval Hearing, but your appearance is not necessary to receive any benefits available under the Settlement.

## 18. HOW DO I GET MORE INFORMATION?

This Notice only summarizes the Settlement. The full Settlement Agreement and Exhibits (including copies of this Notice and the Claim Form) are located on the Settlement Website, www.BowPEXSettlement.com.

If you need more information or have any questions, you may contact the Settlement Administrator via the Settlement Website, www.BowPEXSettlement.com, by toll-free telephone at [*telephone number forthcoming*], or by email at info@BowPEXSettlement.com.

**PLEASE DO NOT WRITE OR CALL THE COURT, THE CLERK OF THE COURT, BOW, OR COUNSEL FOR BOW FOR INFORMATION ABOUT THE SETTLEMENT OR THIS LAWSUIT.**

**CONTACT CLASS COUNSEL KIRBY FARRIS, CALLE MENDENHALL, OR MALIA TARTT AT FARRIS, RILEY & PITT:**
**205-324-1212**
**bowclasscounsel@frplegal.com**