IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSELYN BRASWELL, *et al.*,      )
                                 )
        Plaintiffs,              )
                                 )
v.                               )   CIVIL ACTION NO.  2:21-cv-25-ECM
                                 )
BOW PLUMBING GROUP, INC.,        )
                                 )
        Defendant.               )

**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS,
DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING
FINAL APPROVAL HEARING**

Plaintiffs in the above-captioned litigation ("Plaintiffs") and Defendant Bow

Plumbing Group, Inc. ("Defendant") have participated in mediation and executed a

proposed Settlement Agreement (the "Settlement Agreement" or "Settlement"). The

Settlement Agreement is a compromise agreement to avoid further litigation. It is not an

admission of liability and Defendant denies that its product is defective and that it is liable

to Plaintiffs or the Class. Pursuant to the Settlement Agreement,[1] Plaintiffs have moved for

entry of an order granting preliminary approval of the Settlement. (Doc. 86).

The Court hereby adopts and incorporates the terms of the Settlement Agreement

for the purposes of this Preliminary Approval Order, including the Definitions set forth in

---

[1] After submitting their initial Settlement Agreement executed on or about October 31, 2023, (doc. 86-2), Plaintiffs filed an unopposed motion to amend their motion for preliminary approval of the Settlement Agreement, (doc. 91), in which the Plaintiffs submitted a revised Settlement Agreement executed on or about November 27, 2023, (doc. 91-1). All references in this Order to the "Settlement Agreement" or "Settlement" pertain to the November Settlement Agreement, (doc. 91-1).

the Settlement Agreement. A copy of the Settlement Agreement has been filed with the Court and is also located at the Settlement Website, www.BowPEXSettlement.com.

Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval of the Settlement, it is

ORDERED that the Plaintiffs' motions (docs. 86, 91) are GRANTED as follows:

## I.     CERTIFICATION OF SETTLEMENT CLASS

The Settlement Agreement provides for a class settlement of the claims alleged in this Litigation. The Court has considered the following:

a.  the allegations and defenses, information, arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case;

b.  the information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval to the Settlement;

c.  the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and

d.  the Settlement's elimination of manageability issues that may otherwise have existed if the Litigation continued to be litigated.

Based on those considerations, the Court at this time hereby finds as follows for settlement purposes:

A.      That the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the hundreds and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting individual Settlement Class Members; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

B.      The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

C.      Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

> All Persons within the fifty states, the District of Columbia, and all territories of the United States that own or have owned at any time since May 26, 2003, a residential, commercial, or other structure that contains or contained Bow's PEX Tubing, including their spouses, joint owners, heirs, executors, administrators, mortgagees, tenants, creditors, lenders, predecessors, successors, trusts and trustees, and assigns ("Occupant Persons"); as well as all Persons who have standing and are entitled to assert a claim on behalf of

any such Occupant Persons, such as but not limited to a plumber, builder, contractor, distributor, seller, subrogated insurance carrier, or other Person that has claims for contribution, indemnity, or otherwise against Bow as a result of leaks of the PEX Tubing in such residential, commercial, or other structures. The Settlement Class includes all Persons who subsequently purchase or otherwise obtain an interest in a residential, commercial, or other structure covered by this Settlement without the need of a formal assignment by contract or court order. The Settlement Class includes all Persons within this definition regardless of whether any such Person has an active lawsuit against Bow, or an active claim or potential claim against Bow, whether tolled or otherwise, involving Bow's PEX Tubing.

Excluded from the Settlement Class are: (i) Bow, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Bow has a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal governmental entities; and (iv) Persons whose claims against Bow related to Bow's PEX Tubing have been or are dismissed by adjudication.

D.    Plaintiffs Roselyn Braswell, Gregory Johnson and Jerri Johnson are appointed as the Class Representatives of the Settlement Class.

E.    Kirby D. Farris of Farris, Riley & Pitt, LLP is appointed as Lead Class Counsel.

F.    Kirby D. Farris, Calle M. Mendenhall, and Malia D. Tartt of Farris, Riley & Pitt, LLP are appointed as Class Counsel.

## II.    PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.    The Settlement requires Bow to make payments up to the aggregate amount of Eight Million Twenty-Five Thousand Dollars ($8,025,000.00) (the "Class Settlement Fund") into an interest-bearing account (the "Settlement Escrow Account"). Bow must make an initial deposit of the cash sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) into the Settlement Escrow Account within ten (10) business days after the Effective Date (as defined at paragraph A.1.m. of the Settlement Agreement).

4

Following the close of the Claim Period, and after all timely Claims have been determined

and paid as set forth in the Settlement Agreement, any remaining amounts under the Class

Settlement Fund, but not paid into the Settlement Escrow Account, shall remain with Bow,

and any funds remaining in the Settlement Escrow Account, but not allocated to an Eligible

Claimant will be returned to Bow, as all Eligible Claimants will have received their

complete remedy under the Settlement Agreement.

B.      On a preliminary basis, the Settlement appears sufficiently fair, reasonable,

and adequate to authorize dissemination of notice to the Settlement Class as set forth in the

Settlement Agreement, taking into account the factors required by *Bennett v. Behring*

*Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) and Federal Rule of Civil Procedure 23(e)(2),

which include but are not limited to: (1) the value and certainty of the benefits to be

provided by the Settlement to Settlement Class Members who submit valid and timely

Claim Forms; (2) the defenses asserted by Bow; (3) the risks to Plaintiffs and Settlement

Class Members that Bow would successfully defend against class certification and/or

against the merits of the claims alleged in this Litigation, whether litigated by Settlement

Class Members themselves or on their behalf in a class action; (4) the length of time that

would be required for Settlement Class Members or any of them to obtain a final judgment

through one or more trials and appeals; and (5) the equality of treatment of Settlement

Class Members relative to one another.

C.      Moreover, the Court finds on a preliminary basis that the Settlement falls

within the range of reasonableness because the Settlement has key indicia of fairness, in

that (1) the Parties have reached the Settlement after investigating the strengths and

weaknesses of the claims; (2) the extensive negotiations were contentious, arm's-length, and facilitated by professional mediator Christopher Nolland, Esq.; (3) there is no evidence of collusion in reaching this Settlement; and (4) the proponents of the Settlement are experienced in similar litigation.

D.     Accordingly, the Settlement is hereby preliminarily approved.

## III.    APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, the Parties have submitted a proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form, a Cover Letter, a proposed short form publication notice, provisions for providing notice of the Settlement through digital media, and a Settlement Website, www.BowPEXSettlement.com. Having reviewed each, the Court finds and concludes as follows:

A.     The notices attached as Exhibits to the Settlement Agreement fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement in particular, through the Settlement Website, www.BowPEXSettlement.com; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so. The Notice of Settlement also fairly and adequately informs the Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any

opportunity to have any objection considered at the Final Approval Hearing or to otherwise

contest approval of the Settlement or appeal from any order or judgment entered by the

Court in connection with the Settlement.

B.    The Notice of Settlement and Claim Form, the short form publication notice,

and the other notice methods described in the Notice Plan as set forth in the Settlement

Agreement satisfy the requirements of due process; Rule 23 of the Federal Rules of Civil

Procedure; and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and any other

applicable laws. The notice methods described above constitute the best notice practicable

under the circumstances, and this Court finds that they shall constitute due and sufficient

notice to all persons entitled thereto.

C.    Accordingly, the Court hereby approves the proposed Notice Plan and orders

that the form and content of the proposed Notice of Settlement, the Cover Letter, the short

form publication notice, and the Claim Form are hereby approved, and shall be issued to

the Settlement Class by the Settlement Administrator as set forth in the Settlement

Agreement.

D.    Plaintiffs shall notify the appropriate Federal and State officials under the

Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. Proof of compliance will be filed

with the Motion for Final Approval.

E.    Angeion Group is hereby appointed by the Court as the Settlement

Administrator, whose reasonable fees and costs are to be paid from the Class Settlement

Fund in accordance with the Settlement Agreement.

F.      The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.  The reasonable fees and expenses of the Settlement Administrator shall be paid from the Class Settlement Fund and shall be limited to the "not to exceed" price quoted by the Settlement Administrator in the Declaration submitted in advance of the hearing for preliminary approval.

## IV.      REQUESTS FOR EXCLUSION AND OBJECTIONS

A.      All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement, which is also set forth in the Notice of Settlement and on the Settlement Website at www.BowPEXSettlement.com.

B.      A member of the Settlement Class who submits a timely and valid Request for Exclusion cannot object to the Settlement and is not eligible to receive a Settlement Payment.

1.      To validly request exclusion from the Settlement Class, a Person must (1) submit proof that their structure contains or contained a Covered Product (photographs, contemporaneous installation records, etc.), to demonstrate that the Person requesting exclusion is a member of the Settlement Class, and (2) submit a written Request for Exclusion to the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline, stating that "I wish to exclude myself from the

Settlement Class in the Bow Litigation Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class Member's printed name, address, telephone number, email address, and date of birth. The Request for Exclusion must contain the actual written signature of the Settlement Class Member(s) seeking to exclude himself, herself or themselves from the Settlement Class.

2.   Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same structure may opt out by using the same form so long as it is individually signed by each joint owner.

3.   Those Persons falling within the definition of the Settlement Class as "Persons who have standing and are entitled to assert a claim on behalf of any such Occupant Persons" need not file a separate Request for Exclusion for each structure for which they meet this definition so long as they identify each such structure for which they are opting out in their Request for Exclusion; provided, however, that any such Persons cannot opt out for purposes of some structures but remain in the Settlement Class for others.

4.   Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including, but not limited to, the Release, the Final Approval Order, and the Final

Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

5.   Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as an objection only.

C.   Any Settlement Class Member who does not submit a written Request for Exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator, so that it is postmarked by the Objection and Opt-Out Deadline, a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

1.   That written statement shall contain: (a) the Settlement Class Member's printed name, address, telephone number, email address, and date of birth; (b) evidence showing that the objector is a Settlement Class Member, including the address of the structure that contains or contained a Covered Product and proof that the residence or structure contains or contained a Covered Product (photographs, contemporaneous installation records, *etc.*); (c) any other supporting papers, materials, or briefs that the Settlement Class Member wishes

the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class Member making the objection; and (e) a statement indicating whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing. If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed or otherwise submitted an objection by caption, court and case number, and for each case, the disposition of the objection.

2.    Counsel for the Parties may take the deposition under oath of any objector prior to the Final Approval Hearing either electronically or in a location convenient for the objector on a date which is reasonably convenient for all parties and counsel involved.

3.    Any objector who files and serves a timely written objection may appear at the Final Approval Hearing, either in person at their own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in his or her objection if they expressly state in their objection that they or their counsel intend to appear at the Final Approval Hearing.

11

4.    Any Settlement Class Member who fails to comply with these requirements shall waive and forfeit any and all rights that he, she, or it may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

## V.    FINAL APPROVAL HEARING

A Final Approval Hearing is SET for **July 9, 2024 at 10:00 a.m.** in **Courtroom 2A**, Frank M. Johnson, Jr. United States Courthouse, One Church Street, Montgomery, Alabama, which date is approximately (and no less than) 105 days after the Preliminary Approval Date, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Lead Class Counsel, and the Settlement should receive final approval. At that time, the Court will also consider Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Service Awards, which shall be filed at least thirty (30) days before the Objection and Opt-Out deadline, and posted on the Settlement Website, www.BowPEXSettlement.com. Plaintiffs' Motion for Final Approval of the Settlement shall be filed at least ten (10) days before the Final Approval Hearing. The Final Approval Hearing may be postponed or rescheduled by order of the

Court without further notice to the Settlement Class, but any rescheduled date will be posted on the Settlement Website, www.BowPEXSettlement.com.

## VI.    SETTLEMENT ESCROW ACCOUNT

A.    The Court hereby approves the establishment of the Settlement Escrow Account.

B.    The Settlement Escrow Account shall be governed by the terms set forth in the Escrow Account, pursuant to the Treasury Regulations found at 26 C.F.R. § 1.468B-1(c)(1), to maintain the Settlement Escrow Account as a "qualified settlement fund," and the Parties agree to work in good faith to maintain such status.

C.    The Court shall retain continuing jurisdiction over the Settlement Escrow Account, pursuant to 26 C.F.R. § 1.468B-1(c)(1).

D.    The Settlement Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities.

E.    The assets of the Settlement Escrow Account are to be segregated from other assets of Bow, the transferor of the payments to the Settlement Escrow Account.

F.    Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Bow and the Settlement Administrator may jointly elect to treat the Settlement Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Settlement Escrow Account meets the requirements of Paragraph VI of this Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of Paragraph VI of this Preliminary Approval

Order are met. If such a relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

## VII.   STAY OF PROCEEDINGS

Pending the Final Approval Hearing, the Court hereby stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

## VIII.   OTHER PROVISIONS

A.      In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Parties reserve all of their rights, including the right to continue with the Litigation and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify a litigation class. All of the following also shall apply:

    1.      All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this proceeding.

    2.      The provisional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the

14

Litigation shall proceed as though the Settlement Class had never been certified and such findings had never been made.

3. Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Bow or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any other actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

4. Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case.

5. All of the Court's prior orders having nothing whatsoever to do with Settlement Class certification shall, subject to this Preliminary Approval Order, remain in force and effect.

B. Lead Class Counsel and Counsel for Bow are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice of Settlement, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly

agree are reasonable or necessary, and which do not limit the rights of Settlement Class

Members under the Settlement Agreement.

C.    This Court shall maintain continuing jurisdiction over these Settlement

proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

Done this 28th day of February, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE