IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSELYN BRASWELL, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:21-cv-25-ECM |
| | ) | [WO] |
| BOW PLUMBING GROUP, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Plaintiffs' Emergency Motion for Curative Action (doc. 109), filed on May 16, 2024. The Court carefully considered the motion and the materials in support (docs. 109-1 & 109-2), and it held a telephonic status conference on May 21, 2024, with all parties present. For the reasons stated at the status conference, and those that follow, the motion (doc. 109) is due to be GRANTED to the extent that: (1) the Court strikes the 319 requests for exclusion (or "opt-outs") submitted by individuals or entities represented by Attorney Joseph "Jay" Aughtman; Aughtman Law Firm, LLC; Attorney Kenneth Mendelsohn; and/or Jemison & Mendelsohn, P.C. (those individuals or entities collectively, the "affected class members"); (2) the Court re-opens the opt-out and objection period for only those affected class members; and (3) the Court authorizes issuance of a second curative notice and request for exclusion form to the affected class members. The Court finds that these curative measures are necessary to ensure that the

affected class members are adequately and fairly informed of the settlement terms before they decide to remain in the class settlement or opt out.

Additionally, the Court in its discretion finds that the final approval hearing currently set for July 9, 2024, is due to be continued to ensure that there is sufficient time to receive and process any requests for exclusion submitted during the renewed opt-out period and to resolve any potential issues regarding those requests for exclusion.

## II. BACKGROUND

This case concerns alleged defects in Bow's PEX tubing, which was installed in the Plaintiffs' and class members' homes. On February 28, 2024, the Court preliminarily approved the parties' proposed class action settlement, provisionally certified the settlement class, and directed notice to the settlement class. (Doc. 99). Days later, in early March 2024, Attorneys Jay Aughtman and Kenneth Mendelsohn—who represent plaintiffs in related state and federal court litigation against Bow, concerning the same alleged defects in Bow's PEX tubing—sent emails to a "blind-copied" or "bcc'ed" list of their clients, who presumptively are members of the settlement class unless they opt out. (*See* docs. 101-1 & 101-2). This Court found that "[t]hese emails—one sent on March 1, 2024, and another sent on March 4, 2024—contain[ed] misleading or inaccurate statements regarding the proposed class action settlement and associated proceedings in this case." (Doc. 105 at 2).

On April 4, 2024, this Court entered an Order finding that these emails "materially interfere[ed] with the Court's order to effectuate a notice plan which fairly, accurately, and reasonably informs the settlement class members of the proposed settlement terms and associated procedures to resolve their claims." (*Id.* at 8). The Court further observed that

2

"such misinformation put[] final resolution of this case in jeopardy as it risk[ed] coercion of presumptive class members to opt out without the benefit of complete and accurate information." (*Id*.). Despite the Court's admonition, on April 9, 2024—within days of the Court's Order—Attorneys Aughtman and Mendelsohn sent another email to their clients stating: "Bow's defense counsel and the class action attorneys are making rigorous efforts to delay your individual claims that we continue to pursue for you." (Doc. 109-1 at 4). This email falsely portrays the Court's efforts to rectify Attorneys Aughtman and Mendelsohn's misleading communications as unnecessarily "delay[ing their clients'] individual claims." (*Id.*). Worse still, on May 7, 2024, Attorneys Aughtman and Mendelsohn sent a fourth email to their clients in which they stated: "If you receive any communication regarding your pex [sic] pipe case from any company or firm other than our offices, please call us and simply forward it to us or drop by our office and we will handle the response on your behalf." (*Id.* at 5). This email suggests that class members should not speak with Class Counsel, despite the Court's April 4 Order expressly observing that such communications are permissible. (Doc. 105 at 3).

Despite the curative notice sent pursuant to the Court's April 4, 2024 Order, the parties received, through the Court-appointed Settlement Administrator, several bulk mailings containing individual requests for exclusion. The parties represented to the Court that the first batch of requests for exclusion was received by the Settlement Administrator on April 12, 2024. The opt-out deadline has now expired, and the parties represent that they have received a total of 322 requests for exclusion. According to the parties, 302 of these requests for exclusion were dated and signed before April 4, 2024, and thus they

escaped the Court's first curative notice. Of those 302 requests, 226 requests were dated and signed before the Settlement Administrator even issued the Court-approved class settlement notice on March 12, 2024. Moreover, only three requests for exclusion were from individuals or entities that are *not* represented by Attorneys Aughtman and Mendelsohn.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(d) provides, in pertinent part, that a court may issue orders "to protect class members and fairly conduct the action." FED. R. CIV. P. 23(d)(1)(B). This Court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Georgine v. Amchem Prods.*, 160 F.R.D. 478, 489 (E.D. Pa. 1995) (citing *Gulf Oil*, 452 U.S. at 100).[1] Specifically, with respect to class actions, district courts have a duty to "protect both the absent class and the integrity of the judicial process by monitoring the actions before it." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985) (quoting *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980)); *see also Georgine*, 160 F.R.D. at 490 ("[I]t is essential that the district court closely monitor the notice process and take steps necessary to ensure that class members are informed of the opportunity to exclude themselves or to participate in the judgment"); FED. R. CIV. P. 23(c)(2).

---

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

"Courts have continually held that misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation proceedings and violate the principle of informed consent, and the Federal Rules allow the courts to protect class members and putative class members from such communications." *Riley v. Flowers Baking Co. of Jamestown, LLC*, 2015 WL 4249849, at *2 (W.D.N.C. July 13, 2015) (collecting cases). "A communication is coercive or misleading when [a party] interferes with participation by potential class members in the lawsuit or misinforms them by failing to reveal how some proposed transaction might affect their rights in the litigation." *Id*. Therefore, courts often employ curative notices, and have the authority to invalidate requests for exclusions, to remedy misleading communications to class members. *E.g.*, *Georgine*, 160 F.R.D. at 502 (ordering, among other things, that a curative notice be sent to class members who received misleading communications); *Magtoles v. United Staffing Registry, Inc.*, 2022 WL 4096180, at *5 (E.D.N.Y. Sept. 6, 2022) (same); *Marino v. CACafe, Inc.*, 2017 WL 1540717, at *3 (N.D. Cal. Apr. 28, 2017) (same).

## IV. DISCUSSION

Attorneys Aughtman and Mendelsohn have undermined, and continue to undermine, the integrity of the class settlement process by providing incomplete, misleading, and coercive information to potential class members. Based on these communications, as well as the date that many of the requests for exclusion were signed (*i.e.*, before the Court's curative notice or before the Court-approved notice of the settlement was even issued), the Court is highly concerned that a significant percentage of these requests for exclusion were caused, in whole or in part, by the inaccurate or

incomplete information disseminated by Attorneys Aughtman and Mendelsohn. *See Georgine*, 160 F.R.D. at 498.  Thus, to safeguard the integrity of Federal Rule of Civil Procedure 23, the class members' due process rights, and the administration of justice, the Court finds that further corrective measures are required to ascertain whether the 319 affected class members are aware of the terms of the settlement, have been adequately informed, and have been provided a sufficient, uncoerced opportunity to decide whether they wish to remain in the class. *See id.*; *Matson v. NIBCO Inc.*, 2021 WL 2374312, at *8 (W.D. Tex. June 10, 2021).

Federal Rule of Civil Procedure 23 "requires that class members be given information reasonably necessary for them to make a decision." *In re Katrina Canal Breaches Litig.*, 628 F. 3d 185, 197 (5th Cir. 2010).  In light of the due process concerns and the potential for abuse that a class action can pose, the Court has an obligation to ensure that class members receive "objective, neutral information about the nature of the claim and the consequence of proceeding as a class" and to safeguard class members from misleading and coercive communications. *See* McLaughlin on Class Actions § 5:85 (17th ed. 2020); *see also Kleiner*, 751 F.2d at 1203; *Matson*, 2021 WL 2374312, at *4.  Thus, the Court will strike the 319 requests for exclusion submitted by the affected class members. These class members will receive additional curative notice and be afforded a new opportunity to opt out of the settlement class.  The Court finds that "[s]triking these opt-outs will protect the integrity of the class while imposing little to no prejudice on the affected class members" because if those class members "'did, in fact, make a free and

6

unfettered decision in choosing to [opt out], then they will do so again' during the re-opened opt-out period." *See Matson*, 2021 WL 2374312, at *8 (citation omitted).

Further, this Court has a responsibility to give class members "the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(b). "It is essential that class members' decisions to participate or to withdraw be made on the basis of independent analysis of their own self interest, and the vehicle for accomplishing this is the class notice." *Georgine*, 160 F.R.D. at 490. Since it has been over two months since the affected class members first learned about the settlement, a shortened opt-out period is both practical and reasonable. *See id.* at 502 (issuing curative notice, invalidating opt-outs, and approving a new opt-out period that was "shorter than the previous opt-out period as the relevant class members [were] already familiar with the *Georgine* class action and the new notice materials [could] be sent directly to them"). However, the Court finds it appropriate to extend the opt-out period beyond what the parties requested to afford the affected class members sufficient time to consider their options. Accordingly, the Settlement Administrator shall disseminate the curative letter and request for exclusion form to the affected class members as soon as practicable, but no more than seven days from the date of entry of this Order. To avoid further delay, the renewed opt-out period will expire twenty-nine days from the entry of this Order. This timeline provides the affected class members around twenty-two days to read and consider the curative letter and the remedies available to them through the settlement (which are thoroughly explained in the curative

letter and can also be found on the settlement website, www.bowpexsettlement.com[2]), and to make an informed decision as to whether they wish to exclude themselves from the class settlement.

Accordingly, and for good cause, it is

ORDERED that, pursuant to Federal Rule of Civil Procedure 23(d), the Plaintiffs' motion (doc. 109) is GRANTED as follows:

1. The second curative notice proposed by the parties is approved as modified, and the Court hereby authorizes the issuance of that notice (attached to this Order as <u>Exhibit A</u>) through the Settlement Administrator, Angeion, via first-class mail of the United States Postal Service, to the 319 affected class members who previously submitted a request for exclusion;

2. The request for exclusion form proposed by the parties is approved, and the Court hereby authorizes the issuance of that form (attached to this Order as <u>Exhibit B</u>) through the Settlement Administrator, Angeion, via first-class mail of the United States Postal Service, to those 319 affected class members who previously submitted a request for exclusion;

3. The requests for exclusion from the 319 affected class members are hereby STRICKEN, and the affected class members shall have twenty-nine days from the date of this Order, or until **June 21, 2024**, to decide whether to remain in the settlement class or to

---

[2] The settlement website has been active since March 8, 2024.

opt out of the class by completing Exhibit B and mailing it to the Settlement Administrator;[3]

4. The final approval hearing currently set for July 9, 2024 is RESET for **July 29, 2024** at **1:30 p.m.** in **Courtroom 2A**, Frank M. Johnson, Jr. United States Courthouse, One Church Street, Montgomery, Alabama. The Clerk of the Court is DIRECTED to provide a court reporter. All deadlines associated with the final approval hearing are adjusted accordingly, to the extent they are not inconsistent with this Order.

The parties shall make this Order and the attached Exhibits available on the settlement website.

Done this 23rd day of May, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court finds it unnecessary to extend any deadline for class members who decided to remain in the class during the initial objection and opt-out period. *See Georgine*, 160 F.R.D. at 503 (concluding that it was "not necessary to permit class members who did not originally opt out of the class to now receive a second opportunity to do so," observing that the court "previously found that the deceptive communications likely influenced class members to opt out of the class, hence, those who originally decided not to opt out of the class cannot claim that exposure to the improper communications caused them to remain in the class").

# EXHIBIT A

Dear Homeowner,

**This letter is from the Federal Court in which there is a preliminarily approved Class Action Settlement regarding BOW PEX plumbing pipe.** The Class Action is styled, *Braswell, et al. v. Bow Plumbing Group Inc.*, No. 21-cv-00025-ECM (M.D. Ala.). This letter contains important information that affects <u>**your legal rights**</u>.

On February 28, 2024, this Court ordered that notice concerning this Class Action and the proposed Settlement be given to Class Members. Notice was issued to the Class on March 12, 2024. Any Class Member who wished to be considered for exclusion from the Class had to file an exclusion request with the Settlement Administrator by April 12, 2024. According to our records, *you* filed an exclusion request.

As you may be aware, this Court entered an Order on April 4, 2024, finding that certain communications from Aughtman Law Firm, LLC and/or Jemison & Mendelsohn, P.C. were incomplete, misleading, potentially coercive and substantially interfered with Class Members' ability to make an informed decision regarding their rights. The Court issued a curative letter detailing those concerns which is included with these curative instruction materials.

This Court has now determined that, during the first notice and opt-out period (March 12, 2024 through April 12, 2024), there were a *significant* number of misleading and inaccurate communications with Class Members by the Aughtman Law Firm, LLC and/or Jemison & Mendelsohn, P.C. These communications, which included e-mail communications sent directly to Class Members, urged Class Members to file forms excluding themselves from the Class. The Court has also determined that there was at least one additional misleading e-mail communication sent directly to Class Members by the Aughtman Law Firm, LLC and/or Jemison & Mendelsohn, P.C. *after* the first notice and opt-out period which has undermined the Court's and Class Counsel's efforts to provide you with fair and reasonable notice of the Settlement. **These communications were not authorized by the Court and the Court has found that they are likely to have influenced many decisions to file exclusion requests.**

This Court has voided any exclusion requests which were likely influenced by these misleading and coercive communications and has ordered a new notice and opt-out period for Class Members, like you, who filed those exclusion requests. Accordingly, *you* **must** file a new exclusion request if you still want to be excluded from this Class Action and the proposed Settlement.

You should note that this Court has preliminarily approved the proposed Settlement as fair and reasonable to the Class as a whole. This Court has appointed the attorneys listed at the bottom of this letter as Class Counsel and has appointed them to serve in this role, at no cost to you, after determining that they have fairly and accurately represented the best interests of the Settlement Class and will continue to do so. **A copy of this Court's February 28, 2024 memorandum opinion and order can be found at www.bowpexsettlement.com. You should <u>read these materials carefully before deciding how to proceed.</u>**

You should also note that the terms of the Settlement, as illustrated below, include the receipt of an initial payment of 70% of your reasonable expenses (including tubing repair or replacement, repair or replacement of other property damaged as a result of a leak, and material and labor costs) to address (1) or more leaks in your home, with a second payment of up to an additional 10% of those expenses (for a total of up to 80% of your leak-related expenses). In addition, the Settlement provides a whole home replumb option, or the option to receive an $8,500.00 cash payment instead of a complete replumb if you have three (3) or more Qualifying Leaks before the Claim Period ends on December 31, 2028. **Under the Settlement Agreement, you could receive your first payment as early as August 2024.**

| Number of leaks (before 12/31/2028) | Sample Expenses | Recovery |
| --- | --- | --- |
| 1 | $5,000.00 | $3,500.00, with a second payment of up to $500.00 (up to $4,000.00 total) |
| 2 | $10,000.00 | $7,000.00, with a second payment of up to $1,000.00 (up to $8,000.00 total) |
| 3+ | $16,000.00 (home already replumbed) | $11,200.00, with a second payment of up to $1,600.00 (up to $12,800.00 total) OR A cash payment of $8,500.00 for the cost of the replumb PLUS 70-80% of any associated other property damage repair/replacement expenses (including labor and materials) |
| 3+ | $500.00 (home not yet replumbed) | $350.00, with a second payment of up to $50.00 (up to $400.00 total) PLUS one of the following: 70-80% of the cost of a replumb OR A cash payment of $8,500.00 |

Bow Plumbing Group Inc. denies that there is any defect in its PEX pipe products. Bow Plumbing Group Inc. has agreed to this Settlement to avoid further expense, to dispose of burdensome and protracted litigation, and to avoid the uncertain outcome of proceeding in the Litigation. If you choose to forgo participating in this Settlement, there is no guarantee of another settlement or verdict in your favor, and you may recover very little or nothing at all after years of continued litigation. You will also be separately responsible for the attorneys' fees and expenses associated with pursuing your claim. Attorneys' fees in this type of matter are typically calculated as a percentage of your recovery, plus, you may owe case expenses.

If, after reading and considering the foregoing information, you decide that you wish to *remain in the Class*, you do **not** need to submit a new exclusion request. If, however, you decide that you still wish to *exclude yourself* from the Class, you must **complete, sign and send the Exclusion Request Form** included in the enclosed curative instruction packet to the Settlement Administrator at this address: Bow PEX Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. **No other forms of exclusion will be accepted.**

   To be effective, the Exclusion Request Form must be postmarked no later than **June 21, 2024**, and signed by *you*. The Court has ordered that attorneys are not permitted to exclude their clients from the class. Therefore, **individuals must sign the exclusion forms personally or the forms will be deemed invalid**.

   If you have any questions about this letter, the enclosed curative instruction materials, or this Class Action and proposed Settlement, you may contact Class Counsel. Class Counsel's names and contact information are below.

Kirby D. Farris
Calle M. Mendenhall
Malia D. Tartt
*Farris, Riley & Pitt Attorneys*
205-324-1212
bowclasscounsel@frplegal.com

# EXHIBIT B

**Request for Exclusion**

Name:_____

DOB:_____

Property Address:_____

Phone Number:_____

Check each statement that applies:

\_\_\_\_1. I am a member of the class and have been informed of the settlement with Bow Plumbing Group.

\_\_\_\_2. I am aware of the website www.bowpexsettlement.com.

\_\_\_\_3. I am aware that the United States District Court for the Middle District of Alabama has reviewed the terms of the settlement agreement and has preliminarily approved the settlement as fair and reasonable for claimants like me.

\_\_\_\_4. I understand that by waiving my right to be included in the settlement, I am foregoing a valid opportunity to be compensated by the terms of this settlement which includes receiving an initial payment of up to 70% of my expenses due to a leak or leaks in my home, with a later payment of up to an additional 10%.  I further understand that the settlement provides a whole home replumb option if I have had three (3) leaks, per the terms of this settlement.

\_\_\_\_5. I am aware that money received through the class settlement is not subject to attorneys' fees and expenses and, if I exclude myself from this settlement and proceed in my own action, I may have to pay expenses and fees to my separately retained attorney.

\_\_\_\_6. I am aware that by proceeding with my own action, I am not guaranteed another settlement or verdict in my favor.

\_\_\_\_7. I am aware that I may withdraw my exclusion and participate in this settlement before the expiration of this renewed exclusion period on _____.

\_\_\_\_8. I am aware that if I have any questions relating to the terms of this class settlement, I can reach out to class counsel, Farris Riley & Pitt, at 205-324-1212 or email them at bowclasscounsel@frplegal.com.

_____
NAME


_____
DATE