**EX. A – PLAINTIFFS' PROPOSED ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROSELYN BRASWELL,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **BOW PLUMBING GROUP, INC.,** <br><br> Defendant. | Civil Action No. 2:21-cv-00025-ECM |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

**WHEREAS**, the Court, having considered the Settlement Agreement and the Court's Order Granting Preliminary Approval of the Settlement (Doc. 99), having held a Final Approval Hearing on July 29th, 2024, and having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits. Unless otherwise provided, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meaning for purposes of this Final Approval Order and the accompanying Final Judgment. To the extent that the terms of this Final Approval Order conflict with any provision of the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits, the terms of this Final Approval Order shall control.

2. The Court has jurisdiction over this action, and all Parties and Settlement Class Members, for all matters relating to this Litigation and the Settlement, including, without limitation, the

**EX. A – PLAINTIFFS' PROPOSED ORDER**

administration, interpretation, effectuation and/or enforcement of the Settlement, this Final Approval Order, and the Final Judgment.

## I. THE SETTLEMENT CLASS

In the Preliminary Approval Order, the Court certified the following Settlement Class:

All Persons within the fifty states, the District of Columbia, and all territories of the United States that own or have owned at any time since May 26, 2003, a residential, commercial, or other structure that contains or contained Bow's PEX Tubing, including their spouses, joint owners, heirs, executors, administrators, mortgagees, tenants, creditors, lenders, predecessors, successors, trusts and trustees, and assigns ("Occupant Persons"); as well as all Persons who have standing and are entitled to assert a claim on behalf of any such Occupant Persons, such as but not limited to a plumber, builder, contractor, distributor, seller, subrogated insurance carrier, or other Person that has claims for contribution, indemnity, or otherwise against Bow as a result of leaks of the PEX Tubing in such residential, commercial, or other structures. The Settlement Class includes all Persons who subsequently purchase or otherwise obtain an interest in a residential, commercial, or other structure covered by this Settlement without the need of a formal assignment by contract or court order. The Settlement Class includes all Persons within this definition regardless of whether any such Person has an active lawsuit against Bow, or an active claim or potential claim against Bow, whether tolled or otherwise, involving Bow's PEX Tubing.

Excluded from the Settlement Class are: (i) Bow, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Bow has a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal governmental entities; and (iv) Persons whose claims against Bow related to Bow's PEX Tubing have been or are dismissed by adjudication.

Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for the same reasons as set forth in the Court's Preliminary Approval Order.

The Court previously appointed Roselyn Braswell, Jerri Johnson and Gregory Johnson as Class Representative of the Settlement Class and hereby reaffirms those appointments.

The Court previously appointed Kirby D. Farris, Calle M. Mendenhall, and Malia D. Tartt as Class Counsel and hereby reaffirms those appointments.

**EX. A – PLAINTIFFS' PROPOSED ORDER**

## II.     CLASS NOTICE

The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances, (ii) was reasonably calculated under the circumstances, to apprise the Settlement Class of the pendency of this Litigation and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing, and the binding effect of the Final Approval Order and the Final Judgment, on all Persons who did not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law. The Court received no objections to the notice plan.

Due and adequate notice of the proceedings have been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members except those who timely submitted a valid Request for Exclusion are bound by this Final Approval Order and the Final Judgment.

The Court finds the Parties through the Settlement Administrator provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement before entering its Final Approval Order and Final Judgment.

**EX. A – PLAINTIFFS' PROPOSED ORDER**

**III.     FINAL APPROVAL OF THE SETTLEMENT**

The Court finds that the Settlement resulted from extensive arm's length good faith negotiations and mediation between the Parties through experienced counsel, and with the assistance and oversight of experienced mediator, Christopher Nolland, Esq. Moreover, all aspects of the Settlement were informed by meaningful discovery that took place prior to and during the settlement process.

Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement and finds that the Settlement, the benefits to the Settlement Class Members, and all other aspects of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Bow's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with its terms and provisions.

The Court finds that the settlement is fair and reasonable in light of the Eleventh Circuit factors, stated in *Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984), and based on the following factors:

(1) This case was complex, expensive, and time consuming and would have continued to be so through trial and possible appeals if the case had not settled;

(2) Because the case settled after extensive fact and expert discovery, the Parties had a full appreciation of the strengths and weaknesses of their case while negotiating the Settlement;

**EX. A – PLAINTIFFS' PROPOSED ORDER**

(3) Class Counsel and the Settlement Class would have faced material risks in establishing class certification through trial and appeals, and also in establishing liability and damages, if they decided to continue to litigate rather than settle pursuant to the Settlement Agreement;

(4) The settlement amount and the relief available under the Settlement Agreement are well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the Litigation had continued to verdicts and possible appeals as to liability and damages;

Accordingly, for these reasons, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class and granting final approval to the Settlement based upon all facts and circumstances of this Litigation as presented to the Court in the Parties' respective submission in support of approval of the Settlement.

IV. **DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION**

This Litigation is hereby dismissed with prejudice on the merits and without costs to any Party or Person, except as otherwise provided herein or in the Settlement Agreement.

This Court finds and confirms that the Settlement Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

The Court shall retain continuing jurisdiction of the Settlement Escrow Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations.

Under the "relation back" rule provided under Section 1.468-1(j)(2)(i) of the Treasury Regulations, the Court finds that Bow and the Settlement Administrator may jointly elect to treat

5

**EX. A – PLAINTIFFS' PROPOSED ORDER**

the Settlement Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Settlement Escrow Account meets the requirements of the Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of the Preliminary Approval Order are met. If such relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

Upon the Effective Date, all Settlement Class Members, as well as any person who receives any payment from the Settlement Fund, on behalf of themselves and their agents, heirs, executors, and administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who seek to claim through or in the name or right of any of them (excluding those who timely submitted a valid Request for Exclusion), release and forever discharge (as by an instrument under seal without further act by any Person, and upon good and sufficient consideration), Bow, its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates, and any sales agents or distributors, wholesalers, retailers, plumbers, homebuilders, developers, contractors, engineers, architects, and any other product or service provider or any other party in the chain of distribution who distributed, specified, recommended, sold and/or installed Bow Tubing, and all of the foregoing Persons' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to Bow's Tubing, including without limitation to the design, manufacture, purchase, use, marketing, promotion, sale, or certification, and including without limitation all past, present or future claims, damages, or

**EX. A – PLAINTIFFS' PROPOSED ORDER**

liability on any legal or equitable ground whatsoever any regardless of whether such claims might have been or might be brought directly, or through subrogation or assignment or otherwise, on account of or related to the Tubing, which were alleged or could have been alleged in the Complaints filed in the Litigation.  The Release is as a result of membership as a Settlement Class Member, status as Releasing Parties, the Court's approval process herein, and the occurrence of the Effective Date, and is not conditional on receipt of payment by any particular member of the Settlement Class or Releasing Party.  Without in any way limiting its scope, and, except to the extent otherwise specified in the Settlement Agreement, the Release covers by example and without limitation any and all claims for reasonable attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs, or any other fees, costs, and/or disbursements incurrent by any attorneys, Class Counsel, Plaintiffs, Settlement Class Members, or any Releasing Party who claim to have assisted in conferring the benefits under this Settlement upon the Settlement Class.  This Settlement Agreement and the Release provided for herein shall not and are not intended to release the claims of the Releasing Parties against the suppliers of raw materials, components, or ingredients used in the manufacture of the Tubing which the Releasing Parties hereby fully and forever assign, transfer, and convey to Bow.  This provision does not and is not intended to preclude or impact the ability of parties that opted out of the Settlement from asserting claims against suppliers of raw materials, components, or ingredients used in the manufacture of the Tubing.  For purposes of any claims by Bow against the suppliers of raw materials, components, or ingredients used in the manufacture of the Tubing, should such supplier seek to join any Releasing Party in such a claim Bow shall defend, indemnify and hold harmless the Releasing Party from any and all claims of any such supplier against the Releasing Party.

## EX. A – PLAINTIFFS' PROPOSED ORDER

All personal injury claims are expressly excluded from the Release. In addition, the Parties further agree that certain limited claims as specified below, which a Releasing Party has brought or may in the future bring against an installer, plumber, homebuilder, contractor, or other product or service provider or any other party in the chain of distribution who purchased, specified, recommended, sold, and/or installed the Tubing related solely and exclusively to the alleged faulty installation of the Tubing are expressly not released as to such Persons. This limited exception shall include only claims alleging that a party or parties other than Bow are solely and exclusively responsible for a leak of the Tubing, including, without limitation, as a result of (1) a penetration of the Tubing from a foreign object such as a nail or other physical abuse; (2) improper attachment of the Tubing to plumbing components or appliances; (3) improper stress on the Tubing due to improper installation; (4) leaks due to an improperly set or malfunctioning pressure-reducing valve not manufactured or sold by Bow; (5) leaks due to age of fixture sealant components supplied or provided by a plumber; or (6) any installation issue in violation of Bow's installation guidelines and/or unrelated to the design, manufacture, performance, or selection of Tubing. However, if a court finds, via dispositive motion or otherwise, that Bow was at least partially responsible, then this limited exception shall not apply, and the claim is released. Nothing in this paragraph shall permit any Releasing Party to bring any other claims released herein, including without limitation claims for improper, insufficient, or negligent advice, recommendation, solicitation, purchase, selection, or sale of the Tubing, and in no event shall any claim whose prosecution is permitted by this Paragraph allege, purport to allege, or depend on any Bow act, error or omission, loss, or liability, whether strict, or due to fault or otherwise, by Bow. The Releasing Parties and Bow do not intend to create and do not believe that the reservation provided in this Paragraph creates any basis for a claim of indemnification, contribution, or any other claim, however denominated, by a

**EX. A – PLAINTIFFS' PROPOSED ORDER**

nonparty against the Released Parties, with the exception that, parties who opted out of the Settlement do not release their ability to assert indemnification, contribution, and any other claim however denominated against Released Parties. This provision is intended solely to preserve a Releasing Party's ability to seek relief against the non-released individuals or entities for liability unrelated to Bow as expressly specified in this Paragraph. In addition, the Releasing Parties agree that in any action brought by a Releasing Party against any third party based on a leak that is not a Qualifying Leak, should any third party sued by a Releasing Party file a claim or cause of action against any Released Party for contribution, indemnification, or any other claim, however, denominated, arising out of or related to Tubing, the Releasing Parties shall hold Bow and the Released Parties harmless, agreement to a judgment in Bow's and the Released Parties' favor dismissing all claims asserted by the Releasing Party or anyone claiming by, through, or under the Releasing Party and to the extent that the claims against Bow or the Released Parties are not released, then reduce or remit any judgment against such third party by the percentage, amount, or share necessary under applicable law to fully discharge and relieve Bow and the Released Parties of liability to such third party for claims for contribution, indemnification, or any other claim, however denominated, including attorneys' fees and costs such Person may seek against Bow and the Released Parties. However, the Releasing Parties' obligation is limited to no more than the amount of the judgment against Bow or the Released Parties. If any third party sued by a Releasing Party obtains a judgment against Bow or any Released Party for contribution, indemnification, or any other claim, however denominated, the Releasing Party agrees that the Releasing Party shall reduce or remit its judgment against such third party by the amount of such third party's judgment against Bow and the Released Party not to exceed the amount of that portion of the judgment for which such third party obtains contribution, indemnification, or other relief, however denominated,

**EX. A – PLAINTIFFS' PROPOSED ORDER**

so as to fully satisfy such third party's judgment against Bow and the Released Party including attorneys' fees and costs such third party may seek against Bow and the Released Party. In any settlement between any of the Releasing Parties and any Person arising out of or related to Bow's Tubing, the Releasing Parties shall be deemed to have obtained a release in favor of all Released Parties.

Settlement Class Members have knowingly and voluntarily waived the provisions of Section 1542 of the California Civil Code (to the extent applicable), which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the Release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete

**EX. A – PLAINTIFFS' PROPOSED ORDER**

general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledges that it has been advised by its attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits it may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order and the Final Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the Settlement of which this Release is a part.

As noted above, the Settlement Agreement excludes parties that validly opted out of the Settlement, including, without limitation, those timely and validly received by the Settlement Administrator. None of these class members shall be considered a Releasing Party pursuant to the Settlement Agreement for their own opted out claims. A list of those parties who have validly opted out is attached herewith.

The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all Persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties but excluding parties who opted out of the Settlement from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class

**EX. A – PLAINTIFFS' PROPOSED ORDER**

action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. § 165 1(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation.

Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations, or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

a. offered by any Person or received against Bow or any Released Party as evidence or construed or deemed as evidence of any presumption, concession, or admission by Bow or any Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of Bow or any Released Party;

b. offered by any Person or received against Bow or any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Bow or any Released Party or any other wrongdoing by Bow or any Released Party; or

c. c. offered by any Person or received against Bow or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed,

**EX. A – PLAINTIFFS' PROPOSED ORDER**

invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), the Final Approval Order, or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Approval Order, the Final Judgment, or the Release as to BOW, the Released Parties, Plaintiffs, or the Settlement Class Members

## V. OTHER PROVISIONS

Ross Hart is hereby appointed as the Special Master. In the event Ross Hart is unable to timely serve, David Schleuter, is hereby appointed as Special Master.

Todd J. Menna, Ph.D. of Element Materials Technology is hereby appointed as the Independent Engineering Consultant.

The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including without limitation, for the purpose of:

**EX. A – PLAINTIFFS' PROPOSED ORDER**

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement, the Final Approval Order, or the Final Judgment.

Without affecting the finality of this Final Approval Order or the Final Judgment, Bow and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do no limit the rights of Settlement Class Members under the Settlement Agreement.

## EX. A – PLAINTIFFS' PROPOSED ORDER

In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Approval Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED THIS THE ____ DAY OF _____, _____.

_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE