IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSELYN BRASWELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:21-cv-25-ECM |
| | ) | |
| BOW PLUMBING GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS**

Now pending before the Court is the Plaintiffs' motion for final approval for final approval of class action settlement and to certify settlement class. (Doc. 125).  The Court held a Final Approval Hearing on July 29, 2024.  Upon consideration of the parties' Settlement Agreement, the Court's Order Granting Preliminary Approval of the Settlement (the "Preliminary Approval Order") (doc. 99), and all of the submissions and arguments with respect to the Settlement, and for good cause shown, it is

ORDERED that the Plaintiffs' motion (doc. 125) is GRANTED as follows:

1.      This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order.  Unless otherwise provided, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meaning for purposes of this Final Approval Order and the accompanying Final Judgment. To the extent that the terms of this Final Approval Order conflict with any provision of the Preliminary Approval Order, the terms of this Final Approval Order shall control.

2.      The Court has jurisdiction over this action, and all Parties and Settlement Class Members, for all matters relating to this Litigation and the Settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the Settlement, this Final Approval Order, and the Final Judgment.

## I.      THE SETTLEMENT CLASS

In the Preliminary Approval Order, the Court certified the following Settlement Class:

> All Persons within the fifty states, the District of Columbia, and all territories of the United States that own or have owned at any time since May 26, 2003, a residential, commercial, or other structure that contains or contained Bow's PEX Tubing, including their spouses, joint owners, heirs, executors, administrators, mortgagees, tenants, creditors, lenders, predecessors, successors, trusts and trustees, and assigns ("Occupant Persons"); as well as all Persons who have standing and are entitled to assert a claim on behalf of any such Occupant Persons, such as but not limited to a plumber, builder, contractor, distributor, seller, subrogated insurance carrier, or other Person that has claims for contribution, indemnity, or otherwise against Bow as a result of leaks of the PEX Tubing in such residential, commercial, or other structures. The Settlement Class includes all Persons who subsequently purchase or otherwise obtain an interest in a residential, commercial, or other structure covered by this Settlement without the need of a formal assignment by contract or court order. The Settlement Class includes all Persons within this definition regardless of whether any such Person has an active lawsuit against Bow, or an active claim or potential claim against Bow, whether tolled or otherwise, involving Bow's PEX Tubing.
> Excluded from the Settlement Class are: (i) Bow, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Bow has a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal governmental entities; and (iv) Persons whose claims against Bow related to Bow's PEX Tubing have been or are dismissed by adjudication.

Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class

pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for the same reasons as set forth in the Court's

Preliminary Approval Order.

The Court previously appointed Plaintiffs Roselyn Braswell, Jerri Johnson and

Gregory Johnson as Class Representatives of the Settlement Class and hereby reaffirms

those appointments.

The Court previously appointed Kirby D. Farris, Calle M. Mendenhall, and Malia

D. Tartt as Class Counsel and hereby reaffirms those appointments.

## II.    CLASS NOTICE

The record shows, and the Court finds, that the Notice Plan has been materially

implemented in the manner approved by the Court in its Preliminary Approval Order.  The

Court finds that the Notice Plan:   (i) constitutes the best notice practicable to the Settlement

Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to

apprise the Settlement Class of the pendency of this Litigation and the terms of the

Settlement, their right to exclude themselves from the Settlement, or to object to any part

of the Settlement, their right to appear at the Final Approval Hearing (either on their own

or through counsel hired at their own expense), and the binding effect of the Final Approval

Order and the Final Judgment, whether favorable or unfavorable, on all Persons who did

not timely and validly exclude themselves from the Settlement Class; (iii) constitutes due,

adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) constitutes

notice that fully satisfies the requirements of the United States Constitution (including the

Due Process Clause), FED. R. CIV. P. 23, and any other applicable law. The Court received no objections to the Notice Plan approved in its Preliminary Approval Order.

Due and adequate notice of the proceedings have been given to the Settlement Class, and a full opportunity has been offered to Settlement Class Members to participate in the Final Approval Hearing. It is hereby determined that all Settlement Class Members, except those who submitted a valid Request for Exclusion, are bound by this Final Approval Order and the Final Judgment.

The Court finds that Bow, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety-day time period to comment or object to the Settlement before entering its Final Approval Order and Final Judgment, pursuant to 28 U.S.C. § 1715(d).

## III. FINAL APPROVAL OF THE SETTLEMENT

The Court finds that the Settlement resulted from extensive arm's length good faith negotiations and mediation between the Parties through experienced counsel, and with the assistance and oversight of experienced mediator Christopher Nolland, Esq. Moreover, all aspects of the Settlement were informed by meaningful discovery that took place prior to and during the settlement process.

Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Settlement and finds that the Settlement, the benefits to the Settlement Class Members, and all other aspects of the Settlement are, in all respects, fair, reasonable, and adequate,

and in the best interests of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Bow's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with its terms and provisions.

The Court finds that the Settlement is fair, reasonable, and adequate in light of FED. R. CIV. P. 23(e)(2) and the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), including, among other things:

(1) This settlement was reached approximately three years into the litigation after motion practice and extensive discovery, including expert discovery and site inspections of Class Members' homes, *see* FED. R. CIV. P. 23(e)(2)(A);

(2) The Settlement resulted from extensive arms' length good faith negotiations, *see* FED. R. CIV. P. 23(e)(2)(B);

(3) This case was complex, expensive, and time-consuming and would have continued to be so through trial and possible appeals if the case had not settled, *see* FED. R. CIV. P. 23(e)(2)(C);

(4) Because the case settled after extensive fact discovery and expert investigation, the Parties had a full appreciation of the strengths and weaknesses of their case while negotiating the Settlement;

(5) Class Counsel and the Settlement Class would have faced material risks in establishing class certification through trial and appeals, and also in establishing liability and damages, if they decided to continue to litigate rather than settle pursuant to the Settlement Agreement;

(6) The settlement amount and the relief available under the Settlement Agreement are well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the Litigation had continued to verdicts and possible appeals as to liability and damages, *see* FED. R. CIV. P. 23(e)(2)(C);

(7) Class Counsel's attorney's fees were negotiated separately from the Settlement, and the fees are within the range of what the Eleventh Circuit has approved, *see* FED. R. CIV. P. 23(e)(2)(C);

(8) No Settlement Class Member has objected to the Settlement, and Class Members are treated equitably based on objective criteria, *see* FED. R. CIV. P. 23(e)(2)(D).

Accordingly, for these reasons, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class and granting final approval to the Settlement based upon all facts and circumstances of this Litigation as presented to the Court in the Parties' submissions in support of approval of the Settlement, including the Final Approval Hearing on July 29, 2024.

## IV.    DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION

This Litigation is hereby dismissed with prejudice on the merits and without costs to any Party or Person, except as otherwise provided herein, in the Court's Order granting the Plaintiffs' unopposed motion for approval of Class Counsel's fees and costs, or in the Settlement Agreement.

This Court finds and confirms that the Settlement Escrow Account is a "Qualified Settlement Fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

The Court shall retain continuing jurisdiction over the Settlement Escrow Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations.

Under the "relation back" rule provided under Section 1.468-1(j)(2)(i) of the Treasury Regulations, the Court finds that Bow and the Settlement Administrator may jointly elect to treat the Settlement Escrow Account as coming into existence as a "Qualified Settlement Fund" on the latter of the date the Settlement Escrow Account meets the requirements of Paragraph VI of the Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of Paragraph VI of the Preliminary Approval Order are met.  If such relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

The Settlement Agreement was made by the Parties in compromise of disputed claims and shall not be construed as an admission of liability by Bow or any Released Party.  For the avoidance of doubt, Bow expressly denies that there is any defect in the

Covered Products and further expressly denies any liability whatsoever to Plaintiffs and the Class. Upon the Effective Date, all Settlement Class Members, as well as any Person who receives any payment from the Settlement Fund, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who seek to claim through or in the name or right of any of them (excluding those who timely submitted a valid Request for Exclusion), release and forever discharge (as by an instrument under seal without further act by any Person, and upon good and sufficient consideration), Bow, its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates, and any sales agents or distributors, wholesalers, retailers, plumbers, homebuilders, developers, contractors, engineers, architects, and any other product or service provider or any other party in the chain of distribution who distributed, specified, recommended, sold, and/or installed Bow's PEX Tubing, and all of the foregoing Persons' respective predecessors, successors, assigns and each of their present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to Bow's PEX Tubing, including without limitation, their design, manufacture, purchase, use, marketing, promotion, sale, or certification, and including without limitation, all past, present, or future claims, damages, or liability on any legal or equitable ground whatsoever, and regardless of whether such claims might have been or might be brought directly, or through subrogation or assignment or otherwise, on account

8

of or related to the Tubing, which were alleged or could have been alleged in the Complaints filed in the Litigation. The Release is as a result of membership as a Settlement Class Member, status as Releasing Parties, the Court's approval process herein, and the occurrence of the Effective Date, and is not conditional on receipt of payment by any particular member of the Settlement Class or Releasing Party. Without in any way limiting its scope, and, except to the extent otherwise specified in the Settlement Agreement, the Release covers, by example and without limitation, any and all claims for reasonable attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs, or any other fees, costs, and/or disbursements incurred by any attorneys, Class Counsel, Plaintiffs, Settlement Class Members, or any Releasing Party who claim to have assisted in conferring the benefits under this Settlement upon the Settlement Class. This Settlement Agreement and the Release provided for herein shall not and are not intended to release the claims of the Releasing Parties against the suppliers of any equipment, raw materials, components, or ingredients used in the manufacture of the Tubing, which the Releasing Parties hereby fully and forever assign, transfer, and convey to Bow. This provision does not, and is not intended to, preclude or impact the ability of parties that timely and validly opted out of the Settlement from asserting claims against suppliers of equipment, raw materials, components, or ingredients used in the manufacture of the Tubing. For purposes of any claims by Bow against the suppliers of equipment, raw materials, components, or ingredients used in the manufacture of the Tubing, should such supplier seek to join any Releasing Party in such a claim, Bow shall defend, indemnify, and hold harmless the Releasing Party from any and all claims of any such supplier against the Releasing Party.

All personal physical injury claims are expressly excluded from the Release; however, claims for emotional distress and/or mental anguish are subject to the Release and not part of this personal injury exclusion.  In addition, subject to the terms of Paragraph 34 of the Settlement Agreement, the Parties further agree that certain limited claims as specified below, which a Releasing Party has brought or may in the future bring against an installer, plumber, homebuilder, contractor, or other product or service provider, or any other party in the chain of distribution who purchased, specified, recommended, sold, and/or installed the Tubing, related solely and exclusively to the alleged faulty installation of the Tubing, are expressly not released as to such Persons.  This limited exception shall include only claims alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, without limitation, as a result of (1) a penetration of the Tubing from a foreign object such as a nail or other physical abuse; (2) improper attachment of the Tubing to plumbing components or appliances; (3) improper stress on the Tubing due to improper installation; (4) an improperly set or malfunctioning pressure-reducing valve not manufactured or sold by Bow; (5) the age of fixture sealant components supplied or provided by a plumber; or (6) any violation of Bow's installation guidelines and/or installation issue unrelated to the design, manufacture, performance, or selection of the Tubing.  However, if a court finds, via dispositive motion or otherwise, that Bow was at least partially responsible, then this limited exception shall not apply, and the claim is released under Paragraph 34 of the Settlement Agreement.  Nothing in this paragraph shall permit any Releasing Party to bring any other claims released herein, including without limitation, claims for improper, insufficient, or negligent advice, recommendation,

10

solicitation, purchase, selection, or sale of the Tubing, and in no event shall any claim whose prosecution is permitted by this Paragraph allege, purport to allege, or depend on any wrongful act, error or omission, loss or liability, whether strict, or due to fault or otherwise, by Bow.  The Releasing Parties and Bow do not intend to create and do not believe that the reservation provided in this Paragraph creates any basis for a claim of indemnification, contribution, or any other claim, however denominated, by a nonparty against the Released Parties, with the exception that, as described in Paragraph 34 of the Settlement Agreement, Persons who timely and validly opted out of the Settlement do not release their ability to assert indemnification, contribution, and any other claim, however denominated, against Released Parties.  This provision is intended solely to preserve a Releasing Party's ability to seek relief against the non-released individuals or entities for liability unrelated to Bow as expressly specified in this Paragraph.  In addition, the Releasing Parties agree that in any action brought by a Releasing Party alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, but not limited to, based on a leak that is not a Qualifying Leak, should any such third party sued by a Releasing Party file a claim or cause of action against any Released Party for contribution, indemnification, or any other claim, however denominated, arising out of or related to Tubing, the Releasing Parties shall hold Bow and the Released Parties harmless, agree to a judgment in Bow's and the Released Parties' favor dismissing all claims asserted by the Releasing Party or anyone claiming by, through, or under the Releasing Party, and to the extent that the claims against Bow or the Released Parties are not released, then reduce or remit any judgment against such third party by the percentage, amount, or share

necessary under applicable law to fully discharge and relieve Bow and the Released Parties of liability to such third party for claims for contribution, indemnification, or any other claim, however denominated, including attorneys' fees and costs such Person may seek against Bow and the Released Parties.  If a Releasing Party files a claim or cause of action against any third party alleging that a party or parties other than Bow are wholly responsible for a leak of the Tubing, including, but not limited to, based on a leak that is not a Qualifying Leak, the Releasing Party must not include any claim or allegation for design defects, manufacturing defects, marketing defects, or any other claim that is (1) a "products liability action," as contemplated by Section 6-5-521 of the Alabama Code, and/or (2) a products liability action or claim as contemplated by any other state's laws or codes.  The Releasing Party also must include the following language in the complaint, petition, or other document asserting the claim:  "This is not a 'products liability action' as defined in Section 6-5-521 of the Alabama Code. The Plaintiff does not allege design, manufacturing, or marketing defects in the plumbing system or any of its component parts.  The Plaintiff expressly waives any products liability action it may have associated with Bow's Tubing. The Plaintiff's claims are not product-based, but instead are based on services provided by the Defendants.  The Plaintiff solely seeks damages resulting from the negligent installation of the plumbing system into the home."  In any event, however, the Releasing Parties' obligation is limited to releasing, reducing, or remitting in an amount no more than the amount of the judgment against Bow or the Released Parties.  If any third party sued by a Releasing Party obtains a judgment against Bow or any Released Party for contribution, indemnification, or any other claim, however denominated, the Releasing Party agrees that

the Releasing Party shall reduce or remit its judgment against such third party by the amount of such third party's judgment against Bow and the Released Party not to exceed the amount of that portion of the judgment for which such third party obtains contribution, indemnification, or other relief, however denominated, so as to fully satisfy such third party's judgment against Bow and the Released Party, including attorneys' fees and costs such third party may seek against Bow and the Released Party.  In any settlement between any of the Releasing Parties and any Person arising out of or related to Bow's Tubing, the Releasing Parties shall be deemed to have obtained a release in favor of all Released Parties.

The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims.  The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all Persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties, but excluding parties who timely and validly opted out of the Settlement), from:  (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party; or (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims.  Pursuant

to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation.

Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations, or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

a.      offered by any Person or received against Bow or any Released Party as evidence or construed or deemed as evidence of any presumption, concession, or admission by Bow or any Released Party of the truth of the facts alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Bow or any Released Party;

b.      offered by any Person or received against Bow or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Bow or any Released Party or any other wrongdoing by Bow or any Released Party; or

c.      offered by any Person or received against Bow or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked,

14

offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), the Final Approval Order, or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Approval Order, the Final Judgment, or the Release as to Bow, the Released Parties, Plaintiffs, or the Settlement Class Members

## V.    OTHER PROVISIONS

Ross Hart, Esquire, of the Arbitration Mediation Conciliation Center, is hereby appointed as the Special Master.  In the event Mr. Hart's schedule does not permit timely availability, Mr. Hart's colleague, David Schleuter, will serve as Special Master.

Todd J. Menna, of Element Materials Technology, is hereby appointed as the Independent Engineering Consultant.

The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment.  Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including without limitation, for the purpose of:

a.      enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment (including whether a Person is or is not a Settlement Class Member, and/or the validity of any Request for Exclusion);

b.      entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

c.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement, the Final Approval Order, or the Final Judgment.

Without affecting the finality of this Final Approval Order or the Final Judgment, Bow and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including

16

exhibits) as are consistent in material respects with this Final Approval Order and the Final

Judgment and that do not limit the rights of Settlement Class Members under the Settlement

Agreement.  To the extent that the terms of this Final Approval Order conflict with any

provision of the Settlement Agreement or any future amended Settlement Agreement, the

terms of the effective Settlement Agreement shall control, so long as the terms of the

Settlement Agreement are materially consistent with this Final Approval Order and the

Final Judgment and do not limit the rights of Settlement Class Members.

In the event that the Effective Date does not occur, certification of the Settlement

Class shall be automatically vacated and the Final Approval Order and Final Judgment,

and all other orders entered and releases delivered in connection herewith, shall be vacated

and shall become null and void.

Done this 29th day of August, 2024.

　　　　　　　　　　　/s/ Emily C. Marks
　　　　　　　　　　EMILY C. MARKS
　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE